THE PEOPLE *ex rel.* ROSE HAWTHORNE, Plaintiff-Appellee, *v.* TERRENCE HAMILTON, Defendant-Appellant.

(No. 72-190; )

Third District—January 22, 1973.

Noah L. McGehee, of Silvis, for appellee.

Theodore Jackson, of East Moline, for appellant.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Rose Hawthorne, filed a complaint under the Paternity Act in the Circuit Court of Rock Island County alleging that she gave birth to a female child on June 3, 1970, and that the child was born out of wed-

lock. The complaint prayed that the court find the Defendant, Terrence Hamilton, to be the father of the child. The defendant filed an answer denying paternity and moved the court to enter an order to require the parties to submit to a blood test. Pursuant to this motion, Terrence Hamilton, the defendant, Rose Hawthorne, the plaintiff, and the child, appeared together at the Martin Clinical Laboratory, Moline, Illinois, on April 20, 1971, where blood samples were taken. The results of these tests indicated that the defendant, Terrence Hamilton, could be excluded as the father of the child.

On May 21, 1971, after the results of the blood tests were made known to the plaintiff, she filed a petition asking the court to order a second blood test. This petition was heard before Judge Carlstrom on June 2, 1971, and was denied.

On August 16, 1971, the defendant filed a motion to dismiss, setting forth the results of the blood test which excluded him as the father of the child and giving notice that the experts who performed the tests would appear and submit their findings before the court. After defendant filed his Motion to Dismiss, the plaintiff, Rose Hawthorne, renewed her motion for an additional blood test.

On August 24, 1971, Judge Horberg heard the defendant's motion to dismiss, and the plaintiff's motion for an additional blood test. Testifying on behalf of the defendant were employees of the Martin Clinical Laboratory, who took the blood samples, and Dr. Robert Scheir, a microbiologist of Biochemical Procedures, North Hollywood, California. The defendant's Motion to Dismiss was denied and the plaintiff's motion for an additional blood test was granted.

On April 26, 1972, an Order to Show Cause was issued against the defendant, directing him to appear and show cause why he should not be held in contempt of court for failing to comply with the court's order. Defendant was adjudged in contempt of court and sentenced to fifteen days in the county jail. The contempt order was stayed pending appeal.

In seeking to reverse the contempt judgment defendant argues one; a person is not guilty of contempt of court for disobedience of an order which the court had no authority to make, two; defendant in a paternity proceeding may not be compelled to submit to a blood test and three; the denial of a motion or petition for an incidental or interlocutory order in the progress of a cause will generally operate as a bar to its renewal in the same proceedings on the same grounds.

■■ The plaintiff has devoted the major portion of her brief to the proposition that this appeal should be dismissed because it is a purported appeal from an interlocutory order not permitted by law. Without disagreeing with the proposition that interlocutory orders are not appealable

the cases cited by plaintiff such as *Great Northern Refining Co. v. Peterson*, 214 Ill.App. 492, and *In re Querciagrossa's Estate* (1965), 65 Ill.App.2d 280, 213 N.E.2d 13, are inapplicable because they do not involve judgments of contempt.

■■ Citing such cases as *Monier v. Chamberlain*, 35 Ill.2d 351, 221 N.E. 2d 410, and *Stimpert v. Abdnour*, 24 Ill.2d 26, 179 N.E.2d 602, the Court in *People ex rel. General Motors Corp. v. Bua*, 37 Ill.2d 180, 226 N.E. 6, observed, "* * * the June 29 order is cast in terms of a contempt proceeding, and * * * ordinarily such an adjudication is a final and appealable order, and an appropriate method of testing pretrial discovery orders." In the foregoing case the court concluded that the sanction of dismissing defendant's answer and declaring it to be in default on the issue of liability did not constitute contempt and until damages were assessed the judgment of the court was not appealable. However where an unappealable interlocutory order results in a judgment of contempt including fine or imprisonment such a judgment is a final and appealable judgment and presents to this court for review the propriety of the order of the court claimed to have been violated.

■■ This brings us to the principal assignment of error namely the defendant's claim that the statute under which the trial court acted does not authorize a court to compel the defendant in a paternity action to submit to a blood test. According to defendant if the court lacks authority to compel him to submit to a blood test initially it likewise lacks such authority to compel a second blood test where the defendant has voluntarily requested and submitted to the initial test.

Ill. Rev. Stat. 1971, ch. 106¾, pars. 1 thru 7 provide for the procedure for blood tests in paternity cases. Paragraph 1 provides:

"1. Parties to submit to blood tests—Use of evidence.) 1. In a civil action, in which paternity is a relevant fact, the court, upon its own initiative, or upon motion of any party to the action, may order the mother, child and alleged father to submit to blood tests to determine whether or not the defendant shall be excluded as being the father of the child. The results of the tests shall be receivable in evidence only if definite exclusion is established. If the defendant refuses to submit to such tests, such fact shall not be disclosed upon the trial."

Ill. Rev. Stat. 1971, ch. 106¾, par. 55 provides in part:

"* * * The accused shall have the right to submit to a blood test. If the accused so submits himself, the court shall order such test administered. If the blood test shows that the accused is not the father of the child as alleged in the complaint, the accused shall be discharged forthwith by the court * * *."

No Illinois authorities have been called to our attention interpreting or applying the provisions of the statute relating to blood tests in paternity cases.

The blood factors in the blood of a putative father may be such that when compared to the blood factors of mother and child scientific opinion may conclusively establish that the defendant could not be parent of the child. The statutory provisions quoted above implement the theory behind blood tests recognizing specifically their value and benefit to a putative father. The statute (Ill. Rev. Stat. 1971, ch. 106¾, par. 55), emphasizes the right of the defendant to take the blood test but does not refer to any duty or obligation to do so. Ill. Rev. Stat. 1971, ch. 106¾, par. 1, refers to the "refusal" of the defendant to submit to a blood test but likewise fails to specify any duty or obligation to submit to such a test. By referring to defendant's possible "refusal" the imposition of sanctions as a consequence thereof might imply a duty but as seen from the statute no sanctions are imposed thereby suggesting that the refusal is discretionary or optional on the part of defendant. This view finds additional support by the provision of the statute which in effect declares that there shall be no adverse consequences if the defendant refuses to take the test. Since whatever legal effect the blood test may have is generally of benefit to the defendant the statute contemplates the decision to take the test should be within the defendant's discretion.

Accordingly it is our conclusion that a defendant in a paternity action may not be compelled to submit to a blood test and consistent with this view he may not be required to submit to a second blood test merely because he volunteered to take an initial test. We believe that the order directing the second blood test was improper and hence the defendant's refusal to abide by such order is not contempt. In view of our decision it is unnecessary to consider the other assignment of error urged by defendant regarding the effect of a prior order denying plaintiff's petition for a second blood test.

We believe it advisable to note that the court's action in denying defendant's motion to dismiss the complaint based on the blood test is not before us and we express no opinion concerning the propriety of the order which is not appealable nor do we express any opinion concerning the admissibility of the evidence of blood tests in the paternity action itself.

For the foregoing reasons the judgment of the Circuit Court of Rock Island County is reversed.

Judgment reversed.

ALLOY, P. J., and DIXON, J., concur.