FRESIA ZAVALETA, Plaintiff-Appellant, v. JAVIER ZAVALETA, Defendant-Appellee.

First District (2nd Division) No. 62768

Opinion filed November 16, 1976.—Rehearing denied December 14, 1976.

Jerome Berkson, of Chicago, for appellant.

Philip S. Wolin, Ltd., of Chicago, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Fresia Zavaleta (hereinafter plaintiff) appeals from an order finding her in contempt of court for failure to produce herself and her minor child for a blood test to determine paternity. This order sentenced her to not more than ten days in the Cook County Jail.

The sole issue on appeal is whether a trial court in a divorce proceeding has the authority to order blood tests for the mother and the minor child of the parties to aid in determining the paternity of the minor child.

Plaintiff filed a complaint for separate maintenance and divorce against Javier Zavaleta (hereinafter defendant) alleging defendant was the father of a child born during their marriage. Defendant counterclaimed for divorce and denied paternity of the child. Upon defendant's motion, the trial court entered an order that plaintiff and the minor child submit to blood tests for the purpose of determining paternity. Plaintiff failed to submit either herself or her child to the blood tests, while defendant did.

Thereafter plaintiff was found to be in contempt of court for failure to comply with the court's order. Plaintiff appealed, but that appeal was dismissed by this court pursuant to Supreme Court Rule 23 (Ill. Rev. Stat. 1973, ch. 110A, par. 23), for lack of finality.[1]

Upon return to the trial court, plaintiff was again found to be in contempt of court for failure to produce herself and the minor child for blood tests, and ordered she be committed to the Cook County Jail for a period not to exceed ten days with the right to purge herself upon submitting to the blood test. It is from this order which plaintiff now appeals.

In reviewing the record of the trial court, we fail to find any explanation of the court as to the basis on which it allowed the pretrial motion to compel plaintiff and the child to submit to blood tests. Defendant argues this order was allowed pursuant to our supreme court rules governing discovery (Ill. Rev. Stat. 1973, ch. 110A, par. 201 *et seq.*); while plaintiff

---

[1] General Number 60274, dismissed by order of this court, August 5, 1975.

contends the authority for the order is the "Act on Blood Tests to Determine Paternity" (hereinafter Blood Test Act) (Ill. Rev. Stat. 1973, ch. 106¾, par. 1 *et seq.*).

■■ Paternity is a proper issue to be considered in a divorce proceeding. (*Sturdy v. Sturdy* (4th Dist. 1966), 67 Ill. App. 2d 469, 472, 214 N.E.2d 607.) Our divorce act (Ill. Rev. Stat. 1973, ch. 40, par. 7) provides:

> "The process, practice and proceedings under this Act shall be the same as in other civil cases, except as otherwise provided by this Act, or by any law or rule of court * * *."

The Civil Practice Act which governs the practice in civil cases states in part:

> "Discovery, admissions of fact and of genuineness of documents and answers to interrogatories shall be in accordance with rules." (Ill. Rev. Stat. 1973, ch. 110, par. 58(1).)

Supreme Court Rule 201 (Ill. Rev. Stat. 1973, ch. 110A, par. 201), the general discovery provision, provides a party may " * * * obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action * * *." And this disclosure can be discovered by various methods, including physical examinations. Supreme Court Rule 215 (Ill. Rev. Stat. 1973, ch. 110A, par. 215) specifically provides:

> "In any action in which the physical or mental condition of a party or of a person in his custody or legal control is in controversy, the court upon notice and for good cause shown on motion made within a reasonable time before the trial, may order the party to submit to a physical or mental examination * * * or to produce for such examination the person in custody or under legal control who is to be examined."

Blood tests have been held to be within the scope of discovery in a criminal action[2], as well as in civil proceedings. In *Beach v. Beach* (D.C. Cir. 1940), 114 F.2d 479, the Federal court interpreted its discovery provision, which is similar to ours, to include blood tests where paternity was an issue.

Plaintiff contends there is no statutory authorization for the trial court in a divorce action to order her and her minor child to submit to blood tests

---

[2] *Schmerber v. California* (1966), 384 U.S. 757, 771, 16 L. Ed. 2d 908, 920, 86 S. Ct. 1826, held a blood test taken without the consent of an unconscious driver to determine intoxication is not a violation of the fourth amendment. In its discussion of this matter, that court noted:

> "Extraction of blood samples for testing is a highly effective means of determining the degree to which a person is under the influence of alcohol. [Citation.] Such tests are a commonplace in these days of periodic physical examinations and experience with them teaches that the quantity of blood extracted is minimal, and that for most people the procedure involves virtually no risk, trauma, or pain."

for purposes of discovery. Plaintiff argues the Blood Test Act governs the case at bar, and under that statute neither plaintiff, nor the defendant, can be compelled to submit to a blood test. (*People ex rel. Hawthorne v. Hamilton* (3rd Dist. 1973), 9 Ill. App. 3d 551, 292 N.E.2d 563 (a case under the paternity act).) Section 1 of the Blood Test Act (Ill. Rev. Stat. 1973, ch. 106¾, par. 1) provides:

> "In a civil action, in which paternity is a relevant fact, the court, upon its own initiative, or upon motion of any party to the action, may order the mother, child and alleged father to submit to blood tests to determine whether or not the defendant shall be excluded as being the father of the child. The results of the tests shall be receivable in evidence only if definite exclusion is established. If the defendant refuses to submit to such tests, such fact shall not be disclosed upon the trial."

We find it unnecessary to discuss, at this time, the above statute and the problem of equal protection for both the mother and alleged father under this statute, since in our opinion it is not controlling in the case at bar.

The divorce act clearly states the rules of procedure followed in civil cases are to be followed in divorce cases except as provided by the divorce act, or any law or rule of court. We do not believe the Blood Test Act was intended to be an exception to the application of our Civil Practice Act in divorce cases in which paternity is a relevant fact to be determined.

While the Blood Test Act refers to the court's power to order blood tests, as well as the admissibility of those tests, we believe the ordering of a blood test is more properly a matter of discovery regulated by our supreme court rules. In so holding we say nothing about the admissibility of the results of those tests. We are concerned in this appeal only with the ordering of the blood tests for purposes of discovering information by means of a physical examination.

■■ The ordering of the blood test is a procedural matter which falls within the rules of our supreme court. It is a firmly established principle that the Illinois courts possess the power to adopt court rules for the regulation of practice and procedure.[3] The joint committee comments accompanying section 58 of our Civil Practice Act which concerns discovery state:

> "Section 58 confers broad powers upon the Supreme Court to prescribe by rules the circumstances, methods and procedures under which discovery * * * are to be conducted." (Ill. Ann. Stat., ch. 110, par. 58 (Smith-Hurd 1968).)

---

[3] E. Legner, *People ex rel. Stamos v. Jones: A Restraint on Legislative Revision of the Illinois Supreme Court Rules*, 6 J. Mar. J. Prac. & Proc. 382 (1973).

And the historical and practice notes accompanying Supreme Court Rule 215 explain:

> "Paragraph (a) of rule 215 * * * defines the right to obtain a physical examination, the method of determining the physician, and the limitations on time, place, conditions, and scope.
>
> * * *
>
> The court is given a broad discretion not only to regulate the circumstances under which the examination will be conducted * * * but also to determine the scope of the examination. * * * Any blanket prohibition of certain techniques and tests would deprive the rule of essential flexibility." (Ill. Ann. Stat., ch. 110A, par. 215 (Smith-Hurd 1968).)

Thus we hold, that insofar as the Blood Test Act infringes on the power of the court to order blood tests for discovery purposes, it is an invalid exercise of the legislative power. Where a statute conflicts with a supreme court rule on a matter of procedure, the supreme court rule controls. (See *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495 (involving the regulating of appeals); 6 J. Mar. J. Prac. & Proc. 382 footnote 3; H. Fins, Illinois Appellate Practice Under the New Constitution 110 (1973).) The *Hawthorne* decision relied on by plaintiff did not consider the applicability of our supreme court rules concerning discovery, and we find it does not control in this matter.

■■ The blood of a minor child and the mother is a controversial factor to be considered in determining paternity. Since our discovery rules are designed to enhance the truth finding function of the trial and are a means of providing methods for prompt and just disposition of litigation (*Monier v. Chamberlain* (3rd Dist. 1966), 66 Ill. App. 2d 472, 481, 213 N.E.2d 425, *aff'd* 35 Ill. 2d 351, 221 N.E.2d 410), we find the trial court was acting within the scope of its authority in ordering the blood tests of plaintiff and the minor child. Especially is this true where, as here, the defendant-husband had submitted to a blood test. For the blood test of the father without providing for the blood tests of the mother and the child would not completely aid in the truth finding process.

■■ Under the circumstances the trial court properly held plaintiff in contempt for her failure to comply with the court's order. Ill. Rev. Stat. 1973, ch. 110A, par. 219(c); see *Stevens v. County of Lake* (2nd Dist. 1974), 24 Ill. App. 3d 51, 59, 320 N.E.2d 263.

The order of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P. J., and JIGANTI, J., concur.