THE PEOPLE *ex rel.* BONNIE COLEMAN, Plaintiff-Appellee, *v.* ROOSEVELT ELY, Defendant-Appellant.

First District (2nd Division)   No. 78-57

Opinion filed May 1, 1979.—Rehearing denied May 25, 1979.

Scott D. Sherwin, of Sherwin & Sherwin, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Rosalyn H. Kagan, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant, Roosevelt Ely, appeals from an order of the circuit court of Cook County finding him in contempt of court for failure to submit to a supplemental blood test pursuant to the adjudication of a paternity action. The sole issue presented for review is whether a trial court in an action pursuant to the Paternity Act has authority to order defendant to submit to a supplemental blood test.

We affirm.

Plaintiff, Bonnie Coleman, filed a complaint through an assistant state's attorney of Cook County, alleging that on April 25, 1976, she gave birth to a female child out of wedlock and that defendant was the father of the child. Defendant entered a plea of not guilty. On May 16, 1977, defendant, plaintiff and the child submitted to a blood test at the Charles Hymen Blood Center of Mount Sinai Hospital Medical Center. The results of these tests indicated that defendant should be excluded as the father of said child.

On June 8, 1977, plaintiff filed a petition requesting the court to order defendant to submit to a supplemental blood test. Plaintiff alleged that the first test conducted on the parties consisted of analyzing 19 genetic markers and that there was a more accurate and extensive test, Paternity Test II, which analyzes 15 additional blood markers. Plaintiff also alleged that the letter from Mount Sinai Hospital containing the results of the first test erroneously referred to the child as Lesley Rosely Ely, and that the child's correct name is Leslie Rosely Tangle. Defendant filed a motion to dismiss the petition alleging that he voluntarily submitted to the first test, that the test was properly administered, and that the results of the test excluding defendant as the father should resolve the question of paternity.

On June 28, 1977, the court denied defendant's motion to dismiss and ordered that defendant, plaintiff and the child submit to a blood test on July 25, 1977, at Roosevelt Memorial Hospital. On August 3, 1977, plaintiff filed a petition for a rule to show cause why defendant should not be held in contempt. Plaintiff alleged that pursuant to the court's order of June 28, 1977, she and the child appeared at Roosevelt Memorial Hospital for the purpose of submitting to a blood test, and that defendant failed to appear in violation of said order of court. On October 14, 1977, the court

found defendant to be in contempt of court and sentenced him to serve five days in the House of Corrections.

Section 5 of the Paternity Act (Ill. Rev. Stat. 1975, ch. 106 3/4, par. 55) provides in pertinent part that "[t]he accused shall have the right to submit to a blood test." Section 6 of the Act (Ill. Rev. Stat. 1975, ch. 106 3/4, par. 56) provides that any such test is to be made in accordance with the Act on Blood Tests to Determine Paternity. (Ill. Rev. Stat. 1975, ch. 106 3/4, par. 1 et seq.). Section 1 of the Act on Blood Tests to Determine Paternity provides:

> "In a civil action, in which paternity is a relevant fact, the court, upon its own initiative, or upon motion of any party to the action, may order the mother, child and alleged father to submit to blood tests to determine whether or not the defendant shall be excluded as being the father of the child. The results of the tests shall be receivable in evidence only if definite exclusion is established. If the defendant refuses to submit to such tests, such fact shall not be disclosed upon the trial."

Defendant contends that these statutory provisions afford him a right to refuse to submit to a blood test, citing *People ex rel. Hawthorne v. Hamilton* (3d Dist. 1973), 9 Ill. App. 3d 551, 292 N.E.2d 563, as authority. In *Hawthorne*, which involved substantially the same facts as the case at bar, the appellate court held that a defendant in a paternity action may not be compelled to submit to a blood test and may not be required to submit to a second blood test merely because he volunteered to take the initial test. (*Hawthorne*, at 554.) The court reasoned that section 5 of the Paternity Act "emphasizes the right of the defendant to take the blood test but does not refer to any duty or obligation to do so" and that section 1 of the Act on Blood Tests to Determine Paternity, by referring to a defendant's refusal to take the test without imposing any sanction therefor, contemplates that the decision to submit to a blood test should be within the defendant's discretion. *Hawthorne*, at 554.

Plaintiff contends that the court has authority to order defendant to submit to a supplemental blood test, citing *Zavaleta v. Zavaleta* (1st Dist. 1976), 43 Ill. App. 3d 1017, 358 N.E.2d 13, *appeal denied* (1977), 65 Ill. 2d 585, as authority. In *Zavaleta* the trial court, pursuant to a divorce proceeding, ordered the wife and child to submit to blood tests because the husband disputed the paternity of the child. The wife was held in contempt after she refused to submit herself and the child to blood tests, and this court affirmed. The court held that the ordering of a blood test is a matter of discovery and that, under Supreme Court Rule 215, the trial court is given broad discretion to order a physical examination. The court found at page 1021 that:

"[I]nsofar as the Blood Test Act infringes on the power of the court to order blood tests for discovery purposes, it is an invalid exercise of the legislative power. Where a statute conflicts with a supreme court rule on a matter of procedure, the supreme court rule controls." [Citations.]

(See *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602.) The court stated further that *Hawthorne* was not controlling because the decision did not consider the applicability of the supreme court rules concerning discovery.

■■ It is established that a trial court has broad powers to compel a party to submit to a physical examination (Supreme Court Rule 215, Ill. Rev. Stat. 1975, ch. 110A, par. 215; *In re Estate of Stevenson* (1970), 44 Ill. 2d 525, 256 N.E.2d 766, *cert. denied sub nom. Stevenson v. Carpenter* (1970), 400 U.S. 850, 27 L. Ed. 2d 87, 91 S. Ct. 50) and to impose a sanction for noncompliance with discovery orders. (Supreme Court Rule 219, Ill. Rev. Stat. 1975, ch. 110A, par. 219; *Sanchez v. Phillips* (1st Dist. 1977), 46 Ill. App. 3d 430, 434-35, 361 N.E.2d 36.) It is clear from *Zavaleta* that the ordering of a blood test is a matter of discovery regulated by the supreme court rules and that a trial court has broad discretion to order a party to submit to a blood test. Although section 1 of the Act on Blood Tests to Determine Paternity appears to give defendant a right to refuse to submit to a blood test, any right of refusal is contrary to the court's broad powers to compel discovery and is therefore "an invalid exercise of the legislative power." (*Zavaleta*, 43 Ill. App. 3d 1017, 1021.) Thus we find that the trial court had authority to order defendant to submit to a blood test and to hold defendant in contempt for failure to comply with the court's order.

Based on the foregoing, we affirm the order of the circuit court of Cook County.

Affirm.

STAMOS, P. J., and HARTMAN, J., concur.