THE PEOPLE *ex rel.* KATHLEEN DE VOS, Plaintiff-Appellant, *v.* MICHAEL LAURIN, Defendant-Appellee.

First District (5th Division)   No. 78-2063

Opinion filed June 8, 1979.

220

Bernard Carey, State's Attorney, of Chicago (Sam Berkley, E. Lynn Perry, and John E. Horn, Assistant State's Attorneys, of counsel), for appellant.

Edward L. Sylvestrak, of Oak Forest, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal, plaintiff contends that the trial court improperly denied motions (1) to reinstate this paternity action after it had been

stricken from the trial docket with leave to reinstate; and (2) for a second blood test.

This action was brought on April 5, 1978, on complaint of Kathleen DeVos, who charged that defendant was the father of her child. On May 17, 1978, a blood test was ordered by the trial court at defendant's request. The test was conducted at Mount Sinai Hospital, and the results were set forth in a letter from Dr. Chang Ling Lee, stating:

> "(Based on our test results and current understanding of inheritance) In order to be the father of this child, he [defendant] must have the genetic marker 'E'. Since [defendant] lacks the genetic marker 'E', he is therefore, excluded from the paternity of the child, Keshena Lynn DeVos."

Subsequently, a motion of plaintiff for a second blood test to be taken at the complainant's expense was denied, with the trial court stating, "It is not fair to have him do it again now that we have the report that indicates that he has been excluded." The plaintiff moved to strike the cause from the docket with leave to reinstate. On the same day that this motion was granted, plaintiff moved to reinstate and, at a hearing on a later date, the court inquired of plaintiff as to whether it could make a showing of the probability of success in the event the case was reinstated. Plaintiff responded that it could not make such a showing unless a second blood test was ordered or the persons who administered the first test could be cross-examined. The trial court denied the motion to reinstate, but the record discloses that no order of dismissal has been entered. Plaintiff purports to appeal from the denial of reinstatement.

OPINION

■■ Initially, we are faced with the question of whether the order denying plaintiff's motion to reinstate the case to the trial calendar was final and appealable under Illinois Supreme Court Rule 301. (Ill. Rev. Stat. 1977, ch. 110A, par. 301.) We conclude that it was not. The cases provide that "[a]n order of court which leaves a cause still pending and undecided is not a final order." (*Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 1057, 360 N.E.2d 458, 460; *La Vida, Inc. v. Robbins* (1961), 33 Ill. App. 2d 243, 245, 178 N.E.2d 412, 413.) If the order appealed from is not a final one and is not otherwise specifically appealable by rule, a reviewing court is bound to dismiss the appeal. *Impey v. City of Wheaton* (1965), 60 Ill. App. 2d 99, 208 N.E.2d 419; *General Electric Co. v. Gellman Manufacturing Co.* (1943), 318 Ill. App. 644, 48 N.E.2d 451 (abstract).

In determining the appealability here of the order denying reinstatement, we intially note that it was on plaintiff's motion that the trial court ordered the case "stricken off call with leave to reinstate." This is

called an "SOL" order and, while not provided for in any rule or statute, it is nonetheless a common practice in the trial courts, albeit almost exclusively in criminal matters. The few reported cases which mention this practice advise us that "[t]he effect of striking a cause from the docket is that it cannot be tried until it is again placed on the docket. Its status is not otherwise changed." (*People v. Kidd* (1934), 357 Ill. 133, 137, 191 N.E. 244, 246.) "A case stricken from the docket with leave to reinstate is a pending case." (*People v. Johnson* (1934), 278 Ill. App. 204, 207, *rev'd on other grounds* (1936), 363 Ill. 45, 1 N.E.2d 386.) Upon being stricken, the action remains undisposed of and may still be placed on the docket and brought to trial (*People v. St. John* (1938), 369 Ill. 177, 15 N.E.2d 858; *People v. Kidd*; *Blalock v. Randall* (1875), 76 Ill. 224), and it excludes the conclusion that the case is at an end but implies that it is still subject to the action of the court (*People v. Kidd*; *Tibbs v. Allen* (1863), 29 Ill. 535). Further, the court possesses a "discretionary power" to allow a subsequent motion to reinstate. *Tibbs v. Allen.*

■■ In the case at bar, an order was entered striking the case from the call with leave to reinstate, and the order appealed from, while denying reinstatement, contained no language of dismissal. Plaintiff nonetheless contends that because a trial may not be had until reinstatement, the order of denial thereof effectively dismissed the case and is therefore final and appealable. In the light of the cases cited above, however, it appears to us that when the motion to reinstate was denied, the case continued in the same status—it remained stricken from the trial docket but was still subject to the action of the trial court. Indeed, under the reasoning of those cases, the circumstances could have been such that the trial court might have granted a subsequent motion to reinstate. We therefore conclude that, because the trial court's order denying plaintiff's motion to reinstate left the case pending, it cannot be characterized as "final" under Rule 301. (*Oak Brook Bank v. Citation Cycle Co.*; *La Vida v. Robbins.*) Lacking such finality and because no other rule permitting this appeal is argued or applicable, we hold that the order in question is not appealable and that this appeal must be dismissed. *Impey v. City of Wheaton*; *General Electric Co. v. Gellman Manufacturing Co.*

■■ ■ We realize that because of the scarcity of law in this area, trial courts have been afforded little guidance regarding motions to reinstate SOL orders. We believe that henceforth when a party's motion to strike a case from the trial docket with leave to reinstate is granted, the case should be reinstated on that party's subsequent motion, but upon a showing by the opposing party that it should not be reinstated the trial judge may in his discretion deny the motion. Where reinstatement is denied and the trial judge intends it to be a dismissal, language to that effect should be included in the order so that an appeal may be properly taken. If the trial court denies reinstatement but refuses to act further, mandamus

would be the appropriate remedy to compel the performance of the ministerial act of entering an order of dismissal. *People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, 192 N.E.2d 882; *People ex rel. Dolan v. Dusher* (1952), 411 Ill. 535, 104 N.E.2d 775; *National Fire Insurance Co. v. Municipal Court of Chicago* (1961), 28 Ill. App. 2d 401, 171 N.E.2d 687.

■■ Because the order in question was not appealable and the matter remains pending in the trial court, we will consider the contention of plaintiff that the trial court improperly based the denial of reinstatement on its belief that plaintiff could not succeed on the merits in view of the exclusionary results of the blood test. If in fact this was the basis of the court's ruling, we believe it was improper. Section 2 of the "Act on Blood Tests to Determine Paternity" (hereinafter cited as Blood Test Act) provides that "[t]he experts [who conduct the blood tests] shall be called by the court as witnesses to testify to their findings of exclusion and shall be subject to cross-examination by the parties." (Ill. Rev. Stat. 1977, ch. 40, par. 1402.) Thus, we believe that in an action of this kind the exclusionary report in itself should not be used to deprive plaintiff of a trial to present its own testimony and to attack the credibility of the test. This is particularly so in the instant case, where the conclusion of Dr. Lee was based on "our * * * current understanding of inheritance."

We feel, however, that on remandment if plaintiff again seeks reinstatement, defendant should be permitted to make a showing as to why it should be denied. Because the trial court in its discretion may then reinstate, it is appropriate to consider the question of a second blood test. In this regard, plaintiff makes two arguments. First, that it was entitled to a second blood test as a matter of right under the Blood Test Act; and second, that the trial court had the discretionary power to order a second blood test under the discovery provisions of Supreme Court Rule 215 (Ill. Rev. Stat. 1977, ch. 110A, par. 215) and that the denial thereof was an abuse of discretion.

As stated in *Zavaleta v. Zavaleta* (1976), 43 Ill. App. 3d 1017, 358 N.E.2d 13, the ordering of blood tests is a matter governed by the discovery rules. There, the plaintiff-wife in a divorce action was ordered to submit to a blood test when the defendant-husband denied paternity of her child. When plaintiff refused, she was held in contempt. On appeal she argued, as had been held earlier in *People ex rel. Hawthorne v. Hamilton* (1973), 9 Ill. App. 3d 551, 292 N.E.2d 563, that the Blood Test Act was controlling and, under it, no one can be compelled to take a blood test against his or her will. We held, however, in *Zavaleta*, that Rule 215 was controlling and that the trial court did not abuse its discretion in ordering the blood test:

> "While the Blood Test Act refers to the court's power to order blood tests, as well as the admissibility of those tests, we believe the ordering of a blood test is more properly a matter of discovery

regulated by our supreme court rules. In so holding we say nothing about the admissibility of the results of those tests. * * *

The ordering of the blood test is a procedural matter which falls within the rules of our supreme court. It is a firmly established principle that the Illinois courts possess the power to adopt court rules for the regulation of practice and procedure.

* * *

Thus we hold, that insofar as the Blood Test Act infringes on the power of the court to order blood tests for discovery purposes, it is an invalid exercise of the legislative power. Where a statute conflicts with a supreme court rule on a matter of procedure, the supreme court rule controls. [Citations.] The *Hawthorne* decision relied on by plaintiff did not consider the applicability of our supreme court rules concerning discovery, and we find it does not control in this matter." (43 Ill. App. 3d 1017, 1020-21, 358 N.E.2d 13, 15-16.)

Defendant argues that *Zavaleta* is not controlling because it involved a blood test taken in the course of a divorce action rather than in a paternity action. We believe, however, that this distinction is immaterial. In *Zavaleta*, it was clearly explained that the ordering of blood tests is a procedural matter of discovery governed by supreme court rule, and that it was in no respect based on the fact that an underlying divorce action precipitated the ordering of the test.

■■ We conclude that the ordering of the blood tests in the instant case is governed by Rule 215, which leads us to the question of whether there was an abuse of discretion in the refusal of plaintiff's motion for a second test. We believe not. Rule 215 provides that "the court upon notice and for good cause shown on motion made within a reasonable time before the trial, may order * * * a physical or mental examination * * *" (Ill. Rev. Stat. 1977, ch. 110A, par. 215(a)), and trial courts have broad discretion concerning such examinations (*Jackson v. Whittinghill* (1963), 39 Ill. App. 2d 315, 188 N.E.2d 337). Here, defendant voluntarily submitted to the first blood test and, in its oral motion for a second test, plaintiff not only made no showing of good cause therefor but also stated, in answer to the court's question, that it had no reason to believe that the first test was not done accurately. Under such circumstances, we see no abuse of discretion in the denial of the request for a second test.

For the reasons stated, this appeal is dismissed.

Appeal dismissed.

LORENZ and WILSON, JJ., concur.