THE PEOPLE *ex rel.* EVELYN YARN, Plaintiff-Appellant, *v.* CLIFFORD YARN, Defendant-Appellee.

First District (3rd Division) No. 78-1394

Opinion filed June 27, 1979.

Bernard Carey, State's Attorney, of Chicago (Paul B. Biebel, Jr., and E. Lynn Perry, Assistant State's Attorneys, of counsel), for appellant.

James J. Doherty, Public Defender, of Chicago (Brian Heise and Thomas E. Verdun, Assistant Public Defenders, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

We are called upon to determine whether a defendant in a paternity suit, having submitted to a blood test which excludes him as a father, may be compelled to submit to an additional test.

On November 1, 1977, plaintiff, Evelyn Yarn, filed a complaint charging that defendant, her former husband, was the father of a child born out of wedlock. On December 1, 1977, defendant appeared and requested a blood test. The trial court ordered the parties to submit to a blood test at Mt. Sinai Hospital. The test results were submitted to the court by a letter signed by Dr. Chang Ling Lee, the hospital's blood center director. In part, the letter stated, "Based on our test results and current understanding of inheritance * * * [s]ince Mr. Clifford Yarn lacks the genetic marker 'C', he is, therefore, excluded from the paternity of the child * * *."

Based upon that result, defendant moved to dismiss the complaint. Plaintiff requested an order compelling an additional blood test or, in the alternative, for an order excluding the results of the first test from evidence. Plaintiff also requested an order requiring substantiation of the test results through the testimony and cross-examination of the experts who had tested the parties and had interpreted the results. Plaintiff's motions were denied and, pursuant to section 4 of the Act on Blood Tests to Determine Paternity (Ill. Rev. Stat. 1977, ch. 40, par. 1404), the trial court dismissed the complaint.

Section 1 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 1401) provides that in a civil action in which paternity is a relevant fact, the court may order the mother, child, and putative father to submit to blood tests. The results of the tests are admissible into evidence only if exclusion is established.

Section 2 of the Act governs the manner of taking the tests. It provides:

"The tests shall be made by experts, not to exceed three, duly qualified as examiners of blood types who shall be appointed by the court. The experts shall be called by the court as witnesses to testify to their findings of exclusion and shall be subject to cross-examination by the parties." (Ill. Rev. Stat. 1977, ch. 40, par. 1402.)

If, as a result of the tests, the court finds that the putative father is not the child's father, the Act provides that the question of paternity is to be resolved in favor of the defendant.

Provision is also made in the Paternity Act (Ill. Rev. Stat. 1977, ch. 40, par. 1351 *et seq.*) for the taking of blood tests. Section 5 of the Act states in pertinent part:

"The accused shall have the right to submit to a blood test. If the accused so submits himself, the court shall order such test administered. If the blood test shows that the accused is not the father of the child as alleged in the complaint, the accused shall be discharged forthwith by the court."

■■ ■ We initially consider whether, under Supreme Court Rule 215, plaintiff was entitled to have an additional blood test ordered as part of her discovery. Supreme Court Rule 215 provides in pertinent part:

"In any action in which the physical or mental condition of a party * * * is in controversy, the court upon notice and for good cause shown * * *, may order the party to submit to a physical or mental examination * * *." (Ill. Rev. Stat. 1977, ch. 110A, par. 215.)

Although a paternity proceeding has the appearance of a criminal prosecution since the nominal plaintiff is the State of Illinois, it is essentially a civil action to compel the putative father to support his child. (*People v. Rimicci* (1968), 97 Ill. App. 2d 470, 240 N.E.2d 195.) As such, the provisions of the Civil Practice Act govern the disposition of procedural matters. (*Zavaleta v. Zavaleta* (1976), 43 Ill. App. 3d 1017, 358 N.E.2d 13.) Therefore, even assuming that under the blood test act defendant could not be compelled to submit to a second test, the discovery provisions of Supreme Court Rule 215 would still be available to plaintiff.

■■ The provisions of Rule 215 are not mandatory, but vest broad discretion in the trial court to determine whether a physical examination should be ordered. (*Jackson v. Whittinghill* (1963), 39 Ill. App. 2d 315, 188 N.E.2d 337.) Thus, a court could properly determine that a second blood test was not warranted. Plaintiff correctly points out, however, that the trial court believed that Rule 215 was inapplicable to the present

proceedings and therefore did not exercise its discretion thereunder. On this basis alone, we must reverse the order dismissing the complaint.

Support for our conclusion that discovery provisions are applicable is found in three recent cases. In *Zavaleta v. Zavaleta* (1976), 43 Ill. App. 3d 1017, 358 N.E.2d 13, plaintiff, suing for divorce and separate maintenance, alleged that defendant was the father of a child born during their marriage. Upon defendant's motion, the trial court ordered the parties to submit to blood tests. Plaintiff refused and was held in contempt. In upholding the finding of contempt, this court stated at page 1020:

> "While the Blood Test Act refers to the court's power to order blood tests, as well as the admissibility of those tests, we believe the ordering of a blood test is more properly a matter of discovery regulated by our supreme court rules."

It was further held that the blood test act was an invalid exercise of the legislative power insofar as it infringed on the power of the court to order blood tests for discovery purposes. A similar conclusion was reached by this court in both *People ex rel. DeVos v. Laurin* (1979), 73 Ill. App. 3d 219, and *People ex rel. Coleman v. Ely* (1979), 71 Ill. App. 3d 701.

Defendant's reliance on *People ex rel. Hawthorne v. Hamilton* (1973), 9 Ill. App. 3d 551, 292 N.E.2d 563, is misplaced. In that case, the court held that, under the provisions of the blood test act and the Paternity Act, a defendant, having voluntarily submitted to one blood test, cannot be compelled to submit to an additional test. The decision made no mention of discovery or supreme court rules. Since we have held that Supreme Court Rule 215 is applicable, *Hawthorne* is inapposite and is not authority for the result urged by defendant.

In case the trial court, on remand, in the exercise of its discretion refuses to compel defendant to submit to an additional blood test as part of plaintiff's discovery, we must determine whether plaintiff's complaint could then be properly dismissed on the basis of the letter of test results heretofore filed.

Section 2 of the blood test act provides, in mandatory terms, that the experts who conducted the tests shall be called by the court as witnesses and shall be subject to cross-examination by the parties. The plain language of the act mandates the right of the parties to be able to cross-examine the experts as to whether the tests were conducted and interpreted properly. Any other interpretation of section 2 would result in the disposition of many such suits without affording the parties the right of confrontation.

■■ Defendant maintains that plaintiff has waived any objection to the lack of opportunity to cross-examine by virtue of the fact that Mt. Sinai had a policy, known to both parties, of not providing their personnel as

witnesses regarding blood test results. It is beyond argument that the reluctance of hospital personnel to testify has no effect on the power or obligation of the court to summon them as witnesses if needed. It is error to dismiss a complaint without allowing the plaintiff to have the presence of the expert witnesses, if they are requested.

For the reasons stated, the judgment of the circuit court of Cook County dismissing the paternity complaint is reversed, and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Reversed and remanded.

SIMON, P. J., and McGILLICUDDY, J., concur.