THE PEOPLE *ex rel.* DEBORAH ALDWORTH, Plaintiff-Appellee, v. THOMAS DUTKANYCH, Defendant-Appellant.

Second District No. 84—563

Opinion filed April 2, 1985.

Carmen S. Durso, of Rice, Durso & Rice, of Belleville, for appellant.

Phyllis J. Perko and Martin Moltz, both of State's Attorneys Appellate Service Commission, of Elgin, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Thomas Dutkanych, was found in contempt of court for his failure to comply with an order of the circuit court of Du Page County to submit to a blood test in a paternity action. He was sentenced to a term of 60 days in the county jail. He appeals and we affirm.

A paternity complaint was filed by the State on behalf of the relatrix, Deborah A. Aldworth, praying for an order finding defendant to be the father of her child. A hearing was conducted and the court entered a finding of probable cause. The court also granted the State's oral motion that the parties and the child submit to blood tests. Defendant filed a motion objecting to the blood tests, and the State filed a motion to strike defendant's motion. A hearing was conducted, and counsel were heard with respect to the motions. The court granted the State's motion to strike defendant's motion to object to the blood tests and directed both parties and the minor child to submit to blood tests. The court further ordered defendant to pay the costs of the tests. Defendant moved to reconsider and vacate the order or, in the alternative, to clarify its application and also moved to reconsider the order requiring defendant to pay for the tests. The court denied defendant's motions, and he appeals.

██ ▌ Defendant argues that while the act governing the use of blood tests in a paternity action grants the defendant the right to take a blood test, it does not create a duty or obligation to do so. In addition, the statute not only fails to impose a sanction or penalty for refusal to submit to said tests, but it specifically prohibits disclosure of said refusal upon the trial. Defendant maintains it was clearly the intent of the legislature to render a refusal to submit to blood tests discretionary or optional on the part of the defendant. (*People ex rel. Hawthorne v. Hamilton* (1973), 9 Ill. App. 3d 551, 292 N.E.2d 563.) According to defendant, this intent is also clearly evidenced by the legislature's refusal to delete the nondisclosure provision when it specifically amended the statute to include the Human Leucocyte Antigen Test. Defendant describes the latter test as a more advanced

analysis than that previously available which could not only exclude a defendant but would accurately determine if a defendant was the father of the child.

Defendant's second contention is that although supreme court rules govern the disposition of procedural matters in civil proceedings, the determination of whether a defendant in a paternity action may be compelled to submit to a blood test concerns a substantive right which may be proscribed, regulated, limited or expanded by the legislature by and through a statutory enactment even if it determines that a defendant should have the discretion to refuse as a matter of public policy. Defendant cites no authority for this argument. The well-established rule is that bare contentions without argument or citation of authority do not merit consideration on appeal. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412; *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 942-43, 453 N.E.2d 1133, 1139.) Therefore, the court will not address the merits of this issue. 87 Ill. 2d R. 341(e).

Section 1 of the Act on Blood Tests to Determine Paternity provides:

"In a civil action in which paternity is a relevant fact, the court, upon its own initiative or upon motion of any party to the action, may order the mother, child and alleged father to submit to blood tests, including Human Leucocyte Antigen tests, to determine whether or not the man may be included or excluded as being the father of the child. The results of the tests shall be receivable in evidence in accordance with Section 4 of this Act. If the defendant refuses to submit to such tests, such fact shall not be disclosed upon the trial." (Ill. Rev. Stat. 1981, ch. 40, par. 1401.)

Section 4 provides:

"(a) If the court finds, as disclosed by the evidence based upon the tests, that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly. If the experts disagree in their findings, such findings shall not be admissible, and the question of paternity shall be submitted upon all the evidence.

(b) If the test results constitute clear and convincing evidence that the man is the father of the child, the results shall be admissible and the question shall be submitted upon all the evidence; provided, however, that the results of blood tests alone shall not be sufficient grounds for determining that the man is the father of the child." Ill. Rev. Stat. 1981, ch. 40, par. 1404.

Supreme Court Rule 215(a) provides in relevant part:

"(a) In any action in which the physical or mental condition of a party or of a person in his custody or legal control is in controversy, the court upon notice and for good cause shown on motion made within a reasonable time before the trial, may order the party to submit to a physical or mental examination by a physician suggested by the party requesting the examination, or to produce for such examination the person in custody or under legal control who is to be examined.

\* \* \*

(d)(1) *Examination Before Trial.* At a reasonable time in advance of the trial, the court may on its own motion, or that of any party, order an impartial physical or mental examination of a party whose mental or physical condition is in issue, when in the court's discretion it appears that such an examination will materially aid in the just determination of the case." 87 Ill. 2d R. 215(a)(d).

As argued by the State, defendant's reliance on *People ex rel. Hawthorne v. Hamilton* (1973), 9 Ill. App. 3d 551, 292 N.E.2d 563, is unavailing. The statutes involved there (Ill. Rev. Stat. 1971, ch. 106¾, pars. 1 through 7, 55) provided for court-ordered blood tests but limited admissibility of the results to those which excluded the putative father as the father of the child (9 Ill. App. 3d 551, 554, 292 N.E.2d 563, 565). The court did not consider application of the supreme court rules governing discovery.

The act in effect at the time of the instant litigation reflects a change in the statutory scheme. Under the present act the court may order blood tests to determine whether or not the man may be included or excluded as the father of the child. Furthermore, the act provides that if the results constitute clear and convincing evidence that the man is the father of the child the results shall be admissible. Ill. Rev. Stat. 1981, ch. 40, par. 1404(b).

Additionally, the courts have found broad authority in the supreme court rules relating to discovery to order blood tests and punish refusal with contempt citations. In *Zavaleta v. Zavaleta* (1976), 43 Ill. App. 3d 1017, 358 N.E.2d 13, the appellate court held that the trial court had authority to order blood tests relating to a paternity determination and that insofar as the Blood Test Act infringes on the power of the court to order blood tests for discovery purposes, it is an invalid exercise of legislative power. The court distinguished the holding in *Hawthorne* because the court there had not considered the discovery rules. The court affirmed the imposition of an order of con-

tempt upon the recalcitrant plaintiff in that case. 43 Ill. App. 3d 1017, 1021, 358 N.E.2d 13, 16. Accord, *People ex rel. Yarn v. Yarn* (1979), 73 Ill. App. 3d 454, 392 N.E.2d 606; *People ex rel. De Vos v. Laurin* (1979), 73 Ill. App. 3d 219, 391 N.E.2d 164; *People ex rel. Coleman v. Ely* (1979), 71 Ill. App. 3d 701, 390 N.E.2d 140.

The circuit court of Du Page County did not abuse its discretion in ordering defendant to submit to a blood test nor in holding defendant in contempt and sentencing him as a result of his refusal to obey the court's order. We affirm the judgment.

Affirmed.

REINHARD and SCHNAKE, JJ., concur.