(No. 61811.—

THE PEOPLE *ex rel.* DEBORAH ALDWORTH, Appellee, v. THOMAS DUTKANYCH, Appellant.

*Opinion filed May 21, 1986.*

Carmen S. Durso, of Belleville, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and James E. Ryan, State's Attorney, of Wheaton (Kenneth R. Boyle, William L. Browers and Martin P. Moltz, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

In a complaint filed in the circuit court of Du Page County pursuant to section 4 of the Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1354), the People, on behalf of Deborah Aldworth, relatrix, asked that the court find defendant, Thomas Dutkanych, to be the father of a child born out of wedlock to Deborah Aldworth. Defendant was held in contempt for wilful failure to comply with the circuit court's order concerning the taking and payment for blood tests. Defendant appealed, the appellate court affirmed (131 Ill. App. 3d 1007), and we allowed defendant's petition for leave to appeal (94 Ill. 2d R. 315(a)).

After the complaint was filed, the People moved that the parties and the child be ordered to submit to blood tests. Defendant filed a motion objecting to the blood tests, and the People moved to strike defendant's motion. After a hearing, the court entered an order allowing the People's motion to strike, and denying defendant's motion. The court ordered that the parties submit to blood tests and that defendant pay the costs of said tests. Defendant filed a motion to reconsider and vacate the court's order, or, in the alternative, to clarify its ap-

plication. Defendant also filed a motion "objecting to defendant's payment of blood tests." These motions were denied. When defendant refused to submit himself to blood tests, a rule to show cause issued, and following a hearing, the court found him in contempt of court and sentenced him to a term of 60 days in the county jail. The circuit court stayed the order pending defendant's appeal.

Section 1 of the Act on Blood Tests to Determine Paternity provided:

"In a civil action in which paternity is a relevant fact, the court, upon its own initiative or upon motion of any party to the action, may order the mother, child and alleged father to submit to blood tests, including Human Leucocyte Antigen tests, to determine whether or not the man may be included or excluded as being the father of the child. The results of the tests shall be receivable in evidence in accordance with Section 4 of this Act. If the defendant refuses to submit to such tests, such fact shall not be disclosed upon the trial." Ill. Rev. Stat. 1981, ch. 40, par. 1401.

In a letter addressed to counsel directing the preparation of the order for the parties to submit to blood tests, the circuit court stated that the ordering of a blood test is a matter of discovery regulated by the supreme court rules. The court stated further that by reason of the amendment to the Act on Blood Tests to Determine Paternity by Public Act 81—1445, effective January 1, 1981, the court was authorized "to order the parties to submit to HLA blood testing."

The appellate court, in affirming, cited the amendment to section 1 of the Act on Blood Tests to Determine Paternity and the provisions of section 4(b) of that act concerning admissibility of the test results (Ill. Rev. Stat. 1981, ch. 40, pars. 1401, 1404(b)). It stated that the courts have traditionally found broad authority in Su-

preme Court Rule 215 (87 Ill. 2d R. 215) to order blood tests and punish refusal with contempt citations. *People ex rel. Yarn v. Yarn* (1979), 73 Ill. App. 3d 454; *People ex rel. Coleman v. Ely* (1979), 71 Ill. App. 3d 701; *Zavaleta v. Zavaleta* (1976), 43 Ill. App. 3d 1017.

Supreme Court Rule 215, in pertinent part, provides:

> "(d) Impartial Medical Experts.
>
> (1) *Examination Before Trial.* At a reasonable time in advance of the trial, the court may on its own motion, or that of any party, order an impartial physical or mental examination of a party whose mental or physical condition is in issue, when in the court's discretion it appears that such an examination will materially aid in the just determination. of the case. \*\*\*" 87 Ill. 2d R. 215(d)(1).

Defendant contends that the Act on Blood Tests to Determine Paternity created no duty or obligation on the part of a defendant to submit to blood testing. He argues that the last sentence of section 1, which specifically prohibited the disclosure at trial of a defendant's refusal to submit to blood tests, indicates it was the intent of the General Assembly that such refusal be optional and discretionary on the defendant's part. (*People ex rel. Hawthorne v. Hamilton* (1973), 9 Ill. App. 3d 551.) Defendant further argues that the determination whether a defendant in a paternity suit shall be compelled to submit to a blood test is not a matter of procedure or discovery governed by supreme court rule. He asserts that involved is the defendant's substantive right "which may be proscribed, regulated, limited or expanded by the legislature by and through a statutory enactment even if it determines that a defendant should have the discretion to refuse as a matter of public policy."

We first address defendant's contention that section 1 permitted defendant the option to refuse to submit to blood tests, without sanction or penalty for such refusal.

Although this question has not yet been addressed by this court, it has several times been considered by the appellate court. (*People ex rel. Yarn v. Yarn* (1979), 73 Ill. App. 3d 454; *People ex rel. De Vos v. Laurin* (1979), 73 Ill. App. 3d 219; *People ex rel. Coleman v. Ely* (1979), 71 Ill. App. 3d 701; *Zavaleta v. Zavaleta* (1976), 43 Ill. App. 3d 1017; *People ex rel. Hawthorne v. Hamilton* (1973), 9 Ill. App. 3d 551.) The opinions, however, provide limited guidance because they involved former statutes (Ill. Rev. Stat. 1971, ch. 106¾, pars. 1 through 7, 55) and, of course, antedated the amendment of the Act effective January 1, 1981.

Section 1 of the Act on Blood Tests to Determine Paternity provided for court-ordered blood tests but limited admissibility of the results to those which definitely excluded the defendant as the father of the child. (Ill. Rev. Stat. 1971, ch. 106¾, par. 1.) Section 5 of the Paternity Act provided that the accused had the right to submit to a blood test and that if the test showed that defendant was not the father, he was to be discharged. (Ill. Rev. Stat. 1971, ch. 106¾, par. 55.) Although repealed by the Illinois Parentage Act of 1984 (Pub. Act 83—1372, eff. July 1, 1985; 1984 Ill. Laws 2627, 2643), at the time of the proceedings in the circuit court, the provision of section 5 appeared in the Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1355). At that time, however, section 1 of the Act on Blood Tests to Determine Paternity had been amended to provide for admission of the results of the tests subject to the provisions of section 4 of the latter act (Ill. Rev. Stat. 1981, ch. 40, par. 1404). Section 4 provided:

"Sec. 4.

(a) If the court finds, as disclosed by the evidence based upon the tests, that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly. If the experts disagree in their find-

ings, such findings shall not be admissible, and the question of paternity shall be submitted upon all the evidence.

(b) If the test results constitute clear and convincing evidence that the man is the father of the child, the results shall be admissible and the question shall be submitted upon all the evidence; provided, however, that the results of blood tests alone shall not be sufficient grounds for determining that the man is the father of the child." Ill. Rev. Stat. 1981, ch. 40, par. 1404.

Defendant correctly points out that section 1 of both the earlier and amended versions of the Act on Blood Tests to Determine Paternity provided: "If the defendant refuses to submit to such tests, such fact shall not be disclosed upon the trial." Ill. Rev. Stat. 1971, ch. 106¾, par. 1; Ill. Rev. Stat. 1981, ch. 40, par. 1401.

Defendant argues that the retention in the statute of that provision shows that it was contemplated that a defendant could refuse to submit to blood tests and that the failure to provide either a sanction for refusal or a method to compel compliance shows the legislative intent that the decision was discretionary with defendant.

We do not agree that the General Assembly did not intend that the circuit court be empowered to compel submission to the blood tests. The statutory scheme shows a clear intent that the tests be made in compliance with section 1 and that the findings be admissible pursuant to section 4. The intent of the last sentence of section 1 and the reason for its retention in the statute is obviously that the focus be on the results of the tests and not the reluctance of the defendant to submit to them. The rationale for excluding evidence of such refusal to submit to the examination is similar to that which compels exclusion of testimony of silence after being advised of one's rights under the fifth amendment. We also agree with the appellate court that our Rule 215 (87 Ill. 2d R. 215) authorizes the tests as a matter of dis-

covery and that the court properly cited defendant for contempt for failure to comply with the order. We note parenthetically that section 11 of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2511) provides unequivocally for the ordering of blood tests and the admissibility of expert testimony interpreting the results.

Defendant's contention that the ordering of blood tests is not to be governed by the discovery rules because section 1 of the Act on Blood Tests to Determine Paternity involved substantive, not procedural, matters, need not be further addressed because defendant cites no authority for his argument. Such bare contentions do not merit consideration on appeal. *Deckard v. Joiner* (1970), 44 Ill. 2d 412.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*