OPINION
{¶ 1} On June 2, 2000, the Stark County Grand Jury indicted appellant, Paul Bunting, on one count of rape in violation of R.C. 2907.02
and six counts of sexual battery in violation of R.C. 2907.03. Said charges arose from incidents involving appellant's stepdaughter.
 {¶ 2} On June 27, 2000, appellant filed a motion to suppress. By judgment entry filed July 24, 2000, the trial court granted in part and denied in part said motion.
 {¶ 3} On August 4, 2000, appellant pled no contest to the charges. By judgment entry filed August 9, 2000, the trial court found appellant guilty and sentenced him to a total aggregate term of eighteen years in prison.
 {¶ 4} Appellant appealed, challenging the trial court's decision on the suppression motion. This court affirmed appellant's conviction and sentence. State v. Bunting (May 29, 2001), Stark App. No. 2000CA00286. Thereafter, appellant filed numerous motions, including a motion to reconsider, an application to adduce newly discovered evidence, a motion to reopen, a petition for postconviction relief, a motion for appointment of counsel and a motion to dismiss. All these motions were denied by either the trial court or this court.
 {¶ 5} In June and July of 2004, appellant filed a praecipe for transcript, a motion to obtain transcripts, a motion to strike any response to the petition and move in favor of prima facie merits to proceed to a prompt evidentiary hearing on the issues and a motion for modification of sentence. By judgment entry filed July 13, 2004, the trial court denied the motions.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "The trial court judge prejudicially denied the modification-reduction of sentence when the ohio supreme court now mandates the sentencing judges to make its findings for reason on the sentencing hearing record for the imposition to impose non-minimum consecutive sentences upon a first time offender in which is retrospectively applicable."
 II {¶ 8} "The trial court judge erroneously denied appellant to obtain the pre-trial plea conference hearing transcript(s) that prejudicially affects a substantial right and due process to show ineffective counsel when right to obtain is of during pendency of litigation."
 III {¶ 9} "The trial court prejudicially abused its discretion by denying appellant the right to have the ruling moved in favor of prima facie merits to proceed to a prompt evidentiary hearing on postconviction petition because respondent failed to timely file response at will so to strike any state reponses thereafter and for therefore and thereof."
 {¶ 10} At the outset, we note the state claims appellant's appeal is untimely. Pursuant to App.R. 14(C), we find the appeal was timely filed.
 I {¶ 11} Appellant claims the trial court erred in denying his motion for modification of sentence in light of the Supreme Court of Ohio's decision in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. We disagree.
 {¶ 12} Appellant's conviction and sentence were issued prior to theComer decision therefore, the sentencing requirements therein do not apply sub judice. There is "no clear legal right to the retroactive application of Comer." Ali v. State, 104 Ohio St.3d 328, 2004-Ohio-6592.
 {¶ 13} Assignment of Error I is denied.
 II, III {¶ 14} Appellant claims the trial court erred in denying his motion for the "pre-trial plea conference hearing transcript(s)" and erred in denying his "right to have the ruling moved in favor of prima facie merits to proceed to a prompt evidentiary hearing on postconviction petition."
 {¶ 15} R.C. 2505.02 governs final orders. Subsection (B) states the following in pertinent part:
 {¶ 16} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 17} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 18} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 19} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 20} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 21} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 22} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 23} In its judgment entry of July 13, 2004, the trial court stated the following:
 {¶ 24} "This matter came on for consideration on the defendant's motion for modification of sentence, motion to obtain transcript, and motion to strike any responses. Upon full review, the Court finds said motions not well taken and hereby overrules the same.
 {¶ 25} "It is therefore Ordered that defendant's motions be and hereby are denied."
 {¶ 26} Although this entry disposed of the Comer claim raised subsequent to the motion for postconviction relief, it did not address the seven claims in the February 6, 2003 petition and the supplemental motion filed June 3, 2003. Therefore, pursuant to R.C. 2505.02, the June 13, 2004 judgment entry is not a final appealable order as to these assignments of error. See, Smith v. Chester Township Board of Trustees
(1979), 60 Ohio St.2d 13, citing People ex rel. Hawthorne, v. Hamilton
(1973), 9 Ill.App.3d 551, 553, 292 N.E.2d 563, 565 (order regarding transcript is interlocutory and can only be reviewed upon a subsequent "final and appealable judgment" which "presents to this court for review the propriety of the order of the court claimed to have been violated."
 {¶ 27} Assignments of Error II and III are denied.
 {¶ 28} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.