# DAVID BLALOCK

v.

# STEPHEN A. RANDALL.

1. TRESPASS—*for act done under legal process.* Trespass will not lie for an act done under a legal process regularly issued from a court, or by an officer of competent jurisdiction. Case only will lie, and that on the ground only of malice and want of probable cause.

2. PLEADING—*statute abolishing distinction between trespass and case.* The statute abolishing the distinction between the.actions of trespass and case, does away with the technical distinction only, but does not affect the substantial rights and liabilities of the parties, so as to operate to give any other remedy for acts done than before existed.

3. SAME—*plea justifying trespass under legal process.* To a declaration in trespass for an assault and false imprisonment, the defendant pleaded three special pleas, in substance, that on a complaint made by the defendant, before a justice of the peace, of the commission of a forgery by the plaintiff, a warrant issued, upon which plaintiff was arrested and brought before the justice, and, on examination, was required to give bail for his appearance at the next term of the circuit court, and in default of giving the bail, plaintiff was committed to jail by the justice, which was the trespass and imprisonment complained of. The second plea also averred that there were reasonable grounds to believe that plaintiff had committed the offense: *Held,* that the pleas, especially the second, were good on demurrer, and presented a sufficient answer to the counts in trespass.

4. MALICIOUS PROSECUTION—*termination of prosecution.* In order to maintain an action for malicious prosecution, it must be shown that the alleged malicious prosecution has been legally terminated. Striking the cause from the docket, on motion of the State's attorney, with leave to reinstate the same, is not a legal termination of the prosecution.

5. EVIDENCE—*of similar acts in respect to others.* In trespass and malicious prosecution against one for procuring the arrest and imprisonment of the plaintiff on a charge of forgery, the defendant claiming that he was imposed on, and led to believe he was signing contracts making him agent to sell certain patented machinery when he signed the note alleged to have been forged by the plaintiff, which the plaintiff denied, it was *held,* that proof by other persons in the same neighborhood, that about the same time the same fraud was practiced upon them by the plaintiff, was admissible, as characterizing the employment of the plaintiff, and showing the manner in which the fraud was accomplished, its feasibility, and as corroborating the testimony of defendant.

6. CRIMINAL PRACTICE—*striking cause from docket.* An order striking a criminal cause from the docket, with leave to reinstate the same, does not discharge the defendant from the indictment. It may again be placed upon the docket, and the defendant subjected to a trial upon the same indictment.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

This was an action of trespass, brought in the Macon circuit court, by Stephen A. Randall against David Blalock, the declaration containing seven counts, the last two being in case for malicious prosecution. The defendant pleaded the general issue, and two special pleas of justification to the counts in trespass. The venue was changed to Sangamon .county. The following is a copy of the special pleas, omitting formal parts:

"2. *Actio non*, because he says, that on, etc., one George Goodman was then, and now is, a justice of the peace in and for said county of Macon, and State of Illinois, and that on the day and year aforesaid, at the county and State aforesaid, the said defendant made oath before said Goodman that the said plaintiff did, on the 17th day of August, 1868, commit a criminal offense, to-wit, feloniously and falsely make, forge and counterfeit a certain promissory note, purporting to be the promissory note of the said David Blalock to one J. B. Severance for the payment of $360, with intent to damage and defraud the said defendant, and said defendant had just and reasonable grounds to suspect and believe that said plaintiff had committed said offense; whereupon, the said George Goodman did, on said 8th day of May, 1871, issue a warrant in the name of The People of the State of Illinois, directed to all sheriffs, coroners and constables of said State of Illinois, commanding them, by the authority of said people of the State of Illinois, to arrest the said plaintiff, and bring him forthwith before the said George Goodman, or some other justice of the peace of said county, to answer said complaint of said David Blalock, of the criminal offense of

15—76TH ILL.

forgery aforesaid; which said warrant was then and there delivered to George M. Wood, the then sheriff of said Macon county, and the said sheriff did then, to-wit, on the 18th day of May, 1871, execute said writ by arresting the said plaintiff, and bringing him before said justice of the peace; whereupon the said justice, after associating with him one John P. Post, one of the then acting justices of the peace in and for said county of Macon, proceeded to the trial of said plaintiff, and the said plaintiff was, on, to-wit, the 18th day of May, 1871, before said George Goodman and said John P. Post, tried and examined, and the said plaintiff was then and there, by said justices of the peace, committed to the county jail of said county of Macon, and unavoidably imprisoned, and kept and detained in prison, for the space of time in said declaration mentioned, which are the said several supposed trespasses in the said plaintiff's declaration mentioned; wherefore, etc.

"3. And the said defendant, for a further plea in this behalf, says *actio non*, because he says, that on, to-wit, the 8th day of May, 1871, one George Goodman was then, and is now, a justice of the peace in and for the said county of Macon, and State of Illinois, and that on the said 8th day of May, 1871, at the county and State aforesaid, the said defendant made oath before said Goodman that the said plaintiff did, on the 17th day of August, 1868, commit a criminal offense, to-wit, that the said plaintiff did feloniously and falsely make, forge and counterfeit a certain promissory note, purporting to be the promissory note of said David Blalock to one J. B. Severance, for the payment of $360, with intent to damage and defraud the said defendant, and the said defendant avers that he, said defendant, had just and reasonable grounds to suspect and believe that said plaintiff had committed the crime of forgery, as above mentioned; whereupon the said George Goodman did, on said 8th day of May, 1871, issue a warrant in the name of The People of the State of Illinois, and directed the same to all sheriffs, coroners and

constables of said State of Illinois, commanding them, by the authority of said People of the State of Illinois, to arrest the said plaintiff, and bring him forthwith before the said George Goodman, or some other justice of the peace of said county, to answer said complaint of said David Blalock, of the crime of forgery aforesaid, which said warrant was then and there delivered to George M. Wood, the then acting sheriff of said Macon county, and the said sheriff did, on, to-wit, the 18th day of May, 1871, execute said writ by arresting the said plaintiff, and bringing him before said justice of the peace, whereupon said justice of the peace, after associating with him one John P. Post, one of the justices of the peace of said county, proceeded to the trial of said plaintiff on said criminal charge, and the said plaintiff was, on said 18th day of May, 1871, before the justices aforesaid, tried, and held to bail in the sum of $1000, to appear at the July term of the circuit court of Macon county, 1871, and in default of giving said bail, he, the plaintiff, was then and there committed to the jail of said county of Macon; and the said defendant avers that afterwards, to-wit, at the July term, 1871, the grand jury of said county of Macon preferred an indictment against the said plaintiff, for making, forging and counterfeiting a certain promissory note, being the same note described in the oath before mentioned in this plea, and that said plaintiff was, at the July term, 1872, tried in this court for the crime of forgery, and found guilty of the same, and sentenced to the State's prison for the term of one year, and on motion then and there made by the plaintiff for a new trial, which the court then and there refused; which are the several supposed trespasses in the said declaration mentioned," etc.

The plaintiff demurred to the two special pleas, assigning as special cause of demurrer, 1st, that the pleas only amounted to the general issue; 2d, that they were double. The court sustained the demurrer.

A trial was had, resulting in a verdict and judgment in favor of the plaintiff for $500. The defendant brings the case to this court by appeal.

Messrs. JOHN M. & JOHN MAYO PALMER, for the appellant.

Mr. A. B. BUNN, and Mr. H. CREA, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The declaration in this case contains seven counts. Five are in trespass, and charge an assault and unlawful imprisonment, and the sixth and seven counts are for a malicious prosecution.

The court below sustained a demurrer to three special pleas to the counts in trespass, and this is assigned for error.

The matter of defense set up in the pleas was, in substance, that on a complaint, made by the defendant before a justice of the peace, of the commission of a forgery by the plaintiff, a warrant issued upon which plaintiff was arrested and brought before the justice, and, on examination, was required to give bail for his appearance at the next term of the circuit court, and in default of giving the bail, plaintiff was committed to jail by the justice of the peace, which was the trespass and imprisonment complained of. The pleas show that plaintiff was arrested and imprisoned upon regular legal process. Trespass will not lie for an act done under a legal process regularly issued from a court, or by an officer of competent jurisdiction. Case only will lie, and that on the ground only of malice and want of probable cause. 1 Chit. Pl. 214, 152; *Belk* v. *Broadbent,* 3 Term Rep. 183; *Luddington* v. *Peck,* 2 Conn. 700; *Plummer* v. *Dennett,* 6 Greenl. 421.

We do not see that the statute abolishing the distinction between the actions of trespass and trespass on the case changes the rule, as is contended by appellee. The statute does away with the technical distinction between the two

forms of action, but does not affect the substantial rights and liabilities of parties, so as to operate to give any other remedy for acts done under legal process issuing from a court or officer of competent jurisdiction than before existed, an action on the ground of malice and want of probable cause.

We are of opinion the pleas presented a sufficient answer to the counts in trespass, especially the second plea, which averred that there were reasonable grounds to believe that plaintiff had committed the offense, and that the court erred in sustaining the demurrers.

Another objection taken is, to the exclusion of testimony by the court below. The cause of action was the procuring of the arrest and imprisonment of the plaintiff on the charge of forgery of a note against the defendant for $360.

There was no dispute that the note bore the genuine signature of the defendant. Defendant's claim by his testimony was, that it was fraudulently obtained from him by some device.

He testified that the transaction he had with plaintiff, at which the pretended note was obtained, was one of appointing him agent of certain territory for the sale of Ingall's seeder and cultivator; that to required papers for constituting the agency, defendant signed his name four times; that he did not sign any note knowingly; that he never intended to do so; that there was no talk about a note, and that he only supposed he signed the necessary papers for the assuming of the agency. Plaintiff's testimony was in contradiction; that defendant signed the note as a note, and that understandingly. They were the only witnesses to the transaction.

Defendant offered to prove, by several witnesses, that at about the same time with defendant's transaction, and in the same neighborhood, they had the same kind of transactions with the plaintiff, and which resulted in their pretended notes having been fraudulently obtained from them in the same way by the plaintiff. The court excluded the testimony. There had been testimony in regard to blanks—defendant

describing those in plaintiff's possession, and that were used. A witness was introduced, and testified that the employer of plaintiff had certain blanks printed at his office, such as were produced, from which the inference might be that plaintiff had none such as defendant described; and plaintiff testified he had no such blanks as could be used in the manner defendant's testimony went to show the blank signed by him was used by plaintiff. The excluded testimony was to show also that plaintiff practiced upon the witnesses by the use of blanks in his possession.

We think this excluded testimony should have been admitted. This evidence of the fraudulent obtention, by plaintiff from other persons, of notes by means of the same device, in the same neighborhood, near the same time, and while engaged in the same employment, would appear to be admissible to characterize the employment of the plaintiff, and would illustrate the manner in which the alleged fraud upon the defendant might have been accomplished—the feasibility of it—and would tend to corroborate the testimony of the defendant.

Under the counts for malicious prosecution, objection is made that the alleged malicious prosecution was not shown to have been legally determined, as was necessary. The prosecution was a complaint, before a justice of the peace, for forgery, upon which an indictment had been found by the grand jury. One conviction was had, which was reversed by this court, and the cause remanded for further proceedings.

The cause was re-docketed in the circuit court at the July term, 1872, and the defendant entered into recognizance for his appearance at the next term. The only entry of record made in the case afterward, is, that the cause, by the order of the court, is stricken from the docket, with leave to reinstate it. That did not discharge the defendant from the indictment. The order of the court, directing the cause to be removed from the docket, with leave to reinstate, justified the clerk in omitting it from the docket of cases for trial.

The indictment, however, remained undisposed of; the cause might be again placed upon the docket, and the defendant subjected to a trial upon the same indictment. This court, in *Tibbs* v. *Allen*, 1 Scam. 547, remarked upon this subject, as follows: "In those (criminal) cases, a practice has long obtained in this State, now near half a century, after ineffectual attempts to arrest a defendant in an indictment, to remove, on motion of the State's attorney, the cause from the docket, with leave to reinstate it on his own suggestion at any future time. It is all one motion—to remove, subject to be reinstated—thereby excluding the conclusion that the case is at an end, but implying that it is still subject to the action of the court."

We are of opinion that there was no legal determination of the criminal prosecution shown.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*