(No. 24661.— ▮▮▮▮▮▮)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALEXANDER ST. JOHN, Plaintiff in Error.

*Opinion filed June 21, 1938.*

R. E. SMITH, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Alexander St. John was found guilty of incest by a jury in the criminal court of Cook county and sentenced to the penitentiary. By this writ of error he seeks a reversal of the judgment, not on the evidence, but for an alleged error of law.

The indictment was returned at the September term, 1930. In the same month defendant was arraigned and pleaded not guilty. On October 22, 1930, upon motion of the State's attorney, the cause was stricken from the docket, with leave given to reinstate. This was done pursuant to an express agreement reached between the State's attorney, defendant and his counsel. No further step was taken until May 19, 1933, when the cause was reinstated on the trial docket. Numerous continuances were granted. On November 2, 1933, by leave of court, defendant withdrew his plea and moved to quash the indictment. This was refused and defendant was arraigned, pleaded not guilty and his trial ensued. Defendant now declares the court lacked jurisdiction to try him on account of the discontinuance of the cause, and claims it was, in fact, dismissed when it went off the docket.

In *People* v. *Kidd,* 357 Ill. 133, 137, we said: "There was no error in re-docketing the cause after the term at which it was stricken. The order striking it with leave to re-instate justified the clerk in omitting the cause from the docket, but the indictment remained undisposed of. The cause might again be placed on the docket and the defendant brought to trial upon the same indictment. An order to strike with leave to re-instate excludes the conclusion that the case is at an end. It implies that it is still subject to the action of the court. (*Blalock* v. *Randall,* 76 Ill. 224; *Tibbs* v. *Allen,* 29 id. 535.) In *People* v. *Hill,* 350 Ill. 129, we held that the re-docketing of a stricken cause where the indictment had been returned almost five years previously was neither unusual nor unlawful. The practice has obtained

in this State for upwards of a century.—*Tibbs* v. *Allen, supra."*

Our decisions above noted dispose of the only question involved in this writ of error.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*