Jodie R. BEZDEK, Plaintiff,

v.

CITY OF ELMHURST, a Municipal Corporation, et al., Defendants.

Michael ROGERS, Plaintiff,

v.

CITY OF ELMHURST, a Municipal Corporation, et al., Defendants.

Nos. 75 C 1765 and 75 C 1766.

United States District Court, N. D. Illinois, E. D.

March 8, 1976.

Harvey H. Livingston, Chicago, Ill., for plaintiffs.

Richard A. Makarski and Richard G. Smolev, Chapman & Cutler, Chicago, Ill., and Peter W. Ernst, Elmhurst, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

PERRY, Senior District Judge.

These cases are related civil rights actions against the City of Elmhurst, Illinois, and

certain employees of that city. The cases involve conduct in May 1974 involving "Lake 'n Toll," a so-called "adult" bookstore. Jodie Bezdek, plaintiff in 75 C 1765, was an employee of Lake 'n Toll and Michael Rogers, plaintiff in 75 C 1766, was an owner of Lake 'n Toll. The gravamen of Bezdek's complaint is that he was falsely arrested for violation of the Elmhurst building code. Rogers' complaint alleges that certain property was illegally seized from Lake 'n Toll and claims that serious damage resulted therefrom. The cases are now before the Court on Elmhurst's motion to dismiss for lack of jurisdiction and on the motion of all the individual defendants for summary judgment. For the reasons stated below, the motions will be granted.

Besides the City of Elmhurst, Bezdek brings his action against Ralph O'Connell, a detective employed by the City of Elmhurst Police Department; William Payne, Chief of the Elmhurst Police Department, and Neil Fulton, an employee of the Elmhurst building code enforcement department. Bezdek maintains that on May 29, 1974 he was employed merely as a clerk in the Lake 'n Toll Bookstore. He further claims that he was not responsible for the enforcement of the two sections of the Elmhurst building code for which he was arrested and charged (these charges were later dismissed). He asserts that this was known or should have been known and that therefore his arrest was made in bad faith and without probable cause.

In response to these allegations, defendants have filed extensive affidavits explaining the events of May 29th in considerable detail. No counteraffidavits have been filed nor has plaintiff explained under F.R. Civ.P. 56(f), why such affidavits cannot be obtained. This is despite the fact that the briefing schedules on these motions had been extended so that plaintiff could depose defendants (plaintiff's counsel did not avail himself of this opportunity).

▆▆▆ Even though plaintiff has failed to produce evidentiary material in support of his complaint, the burden remains on the defendants to prove that no material issue of fact remains to be decided. With regard to the Bezdek claim the Court believes that this burden has been met.[1] The uncontradicted evidence contained in defendants' affidavits shows that prior to the incidents in question, no certificate of ownership of business firms had been filed with the county desk of DuPage County. Upon visiting the Lake 'n Toll, the individual defendants discovered arguable violations of the Elmhurst building code. At that time, Bezdek was the only sales person in the store and appeared to be the store's manager. Moreover, Bezdek refused to identify the owner of the Lake 'n Toll and further refused to disclose the names of any supervisory personnel. Under these facts, it appears conclusively that O'Connell and Fulton acted in good faith with probable cause in arresting Bezdek for violation of the building code. This being the case they are immune from suit for damages. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Similarly, Payne, who was not even aware of the incidents in question until after they occurred, cannot be liable to Bezdek. Additionally, the Payne affidavit shows lack of personal involvement in the Bezdek arrest. This is an additional bar to recovery against Payne since personal involvement is an essential element of § 1983 liability for monetary damages. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561, 44 U.S. L.W. 4095 (1976). It should also be noted that the claim against Elmhurst in the Bezdek action cannot stand under any theory since all the activities of the individual defendant employees have been justified.

---

1. In reaching this conclusion in both *Bezdek* and *Rogers*, the Court is mindful of the rule that all doubts are resolved against the moving party on a summary judgment motion and that affidavits filed in support of such a motion should be carefully scrutinized. Moreover, inferences of fact from the proffered proofs must be drawn against the movant. But here defendants' affidavits, measured under these stringent tests, show that no material issue of fact exists. Plaintiffs therefore were obligated to come forward with evidentiary material supporting the allegations contained in their complaints. Having failed to do so, particularly when given extensions of time to produce such material, dismissal is appropriate.

Rogers brings his action against Elmhurst, Edwin Wolter and Clifford Stasi, two Elmhurst police officers, and William Payne, the Chief of Police mentioned above. The gravamen of Rogers' complaint is that certain property (books and novelties) was illegally seized. In a state proceeding against Bezdek, a motion to suppress these items was sustained on the grounds that the seizure was violative of the Fourth Amendment.

As with the Bezdek action, defendants in *Rogers* have filed extensive affidavits in support of their motions for summary judgment while plaintiff has chosen to stand on bare allegations contained in his complaint. The Court will therefore examine defendants' affidavits for the purpose of determining whether defendants have sustained their burden of proving that no material issue of fact remains to be decided and that they are entitled to judgment as a matter of law.

The Payne affidavit with respect to the illegal search and seizure issue shows a complete lack of personal involvement with the search warrant in question. For the reasons stated above, this factor entitles Payne to summary judgment as a matter of law. The Wolter affidavit shows that Wolter acted with good faith in securing a search warrant to seize items he reasonably believed to be obscene. Stasi similarly acted reasonably in executing a warrant that was valid on its face, signed by the appropriate judicial officer. It was Officer Stasi's legal duty to execute such a warrant and therefore, under the instant facts, his action is immune from a § 1983 damage action. Further, Elmhurst is entitled to summary judgment since its employees' activities have been found justified.

For the reasons stated, actions 75 C 1765 and 75 C 1766 are dismissed in their entirety.

It is so ordered.