**Brenda DOE, in her own proper person and as next best friend of Michelle Doe, Plaintiffs–Appellees,**

v.

**Booker BOBBITT, Shirley A. Dukes, Devorah Roberts and Barbara Ullman, Individually and as employees of the Illinois Department of Children and Family Services, Defendants–Appellants.**

No. 88–3225.

United States Court of Appeals, Seventh Circuit.

Argued June 12, 1989.

Decided Aug. 9, 1989.

John P. DeRose, DeRose & Associates, Burr Ridge, Ill., for Brenda Doe.

Bret A. Rappaport, Asst. Atty. Gen., Karen Michels Caille, Civil Appeals Div., Chicago, Ill., for Booker Bobbitt, Shirley A. Dukes, Barbara Ullman.

Before BAUER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

The question presented by this interlocutory appeal is whether it was clearly established in 1984 that public officials who place a child at risk of violence from private individuals in a foster home violate that child's constitutional rights. The district court thought so and therefore denied the defendants' motion for summary judgment on the ground of qualified immunity. 698 F.Supp. 1415. The defendants appeal this decision pursuant to *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) and we reverse.

## I.

The facts of this disturbing case are adequately set forth in the district court's opinion in *Doe v. Bobbitt*, 665 F.Supp. 691 (N.D.Ill.1987) and need not be repeated in detail. Essentially, this case involves a claim that the defendants violated the child's liberty interest under the due process clause by placing her in the temporary custody of an aunt despite warnings by the child's mother that members of the aunt's household used drugs and had sexually abused children in the past.[1] After being placed in the custody of her aunt, the child was sexually abused on several occasions.

■ The sole issue on appeal is whether the defendants are entitled to summary judgment on the ground of qualified immunity. Under the doctrine of qualified immunity, public officials performing discretionary functions are protected against suits for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitz-*

*gerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This standard requires that "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Thus, while the very act in question need not have been held unlawful, the unlawfulness of the official's conduct must have been apparent in light of preexisting law. *Id.*

■ The issue in the present case is whether in 1984 an official violated a clearly established constitutional right by placing a child in an environment despite information that individuals in that environment might present a threat to the child's safety.[2] It is conceded that in 1984 there was no Supreme Court decision on this issue. In fact even at present the Supreme Court has not confronted the question. *See DeShaney v. Winnebago County Department of Social Services*, — U.S. —, 109 S.Ct. 998, 1006 n. 9, 103 L.Ed.2d 249 (1989). Moreover, no Seventh Circuit precedent has ever recognized such a right.

■ The absence of a controlling precedent is not fatal to plaintiffs' case. *See Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir.1988) (en banc), *cert. denied*, — U.S. —, 109 S.Ct. 497, 102 L.Ed.2d 534 (1988). In the absence of a binding precedent we will look to all relevant decisional law to determine whether a right has been clearly established. *Id.* In reviewing this authority we endeavor to determine whether at the time the alleged actions took place there was a substantial consensus of opinion that a course of conduct infringed on a right protected by the Constitution.

In the present case, we are unable to conclude that in early 1984 a substantial consensus had been reached that placing a child in a potentially dangerous environment in a foster home was a violation of the due process clause. At that time, only the Second Circuit had held that such a

---

1. The child had been removed from the custody of her mother by court order due to the mother's alcohol abuse.

2. The right asserted by the plaintiff is not provided by any Illinois statute.

right existed and that case was not directly on point since it involved placement in a licensed foster home on a permanent basis. *See Doe v. New York City Department of Social Services,* 649 F.2d 134 (2nd Cir. 1981).[3] Moreover, the decision in *Doe* depended upon an absolutely novel analogy between incarceration and placement in a foster home, an analogy that has yet to be endorsed by either the Supreme Court or the Seventh Circuit. In view of the novelty and paucity of the available authority, we cannot agree with the district court that it was clearly established in 1984 that a public official who places a child at risk of harm from private individuals in a foster home violated that child's constitutional rights. *See Lojuk v. Johnson,* 770 F.2d 619, 631 (7th Cir.1985), *cert. denied,* 474 U.S. 1067, 106 S.Ct. 822, 88 L.Ed.2d 795 (1986) (one supporting circuit court case, one supporting district court case and several other distantly related cases not sufficient to clearly establish a constitutional right.); *Davis v. Holly,* 835 F.2d 1175, 1182 (6th Cir.1987) (novel decision from another circuit not sufficient to clearly establish a constitutional right). *Compare Perdue v. Brutsche,* 881 F.2d 427, 431–432 (7th Cir. 1989) (three circuit court decisions in a short period of time sufficient to clearly establish a right). Accordingly, we reverse the district court's decision denying the defendants' motion for summary judgment on the ground of qualified immunity.

REVERSED.

---

**3.** In *Taylor v. Ledbetter,* 818 F.2d 791 (11th Cir.1987) (en banc), *cert. denied,* —— U.S. ——, 109 S.Ct. 1337, 103 L.Ed.2d 808 (1989), decided well after the events in this case, the Eleventh Circuit joined the Second Circuit in holding that once a state places an individual in a foster home it has a duty to protect that individual from violence by private persons.