Emily KING, Steven King, and Cora King, individually and as next friend of her minor child Nicholas, Plaintiffs,

v.

Chicago Police Officers, Joseph C. AVILA, Star Number 17323, E. Johnson, Star Number 17473, T.R. Zapolsky, Star Number 5735, M. Tristano, Star Number 17374, W. Brantley, Star Number 10813, S. Davis, Star Number 13008, R. Lombard, Star Number 17452, M. Overstreet, Star Number 17077, C. Smith, Star Number 4718, and Police Sergeant Cunningham, Star Number 1287, Defendants.

No. 88 C 8687.

United States District Court, N.D. Illinois, E.D.

Oct. 27, 1989.

Kenneth N. Flaxman, Elizabeth Dale, Chicago, Ill., for plaintiffs.

Sharon Baldwin, Matthew E. Van Tine, Corp. Counsel, Chicago, Ill., Kelley R. Welsh, for all defendants except Brantley and Johnson.

## ORDER

NORGLE, District Judge.

Before the court is the motion of the defendants, Avila, Zapolsky, Tristano, Davis, Lombard, Overstreet, Smith and Cunningham for partial summary judgment as to counts III and IV of the complaint. For the following reasons, the motion is granted.

## FACTS

The parties have complied with local rule 12(e) and (f). The plaintiffs have raised numerous objections to the defendant's statement of undisputed facts. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After close examination, the court concludes that the plaintiffs have not raised an issue of material fact.

■ Plaintiffs first contend that Officer Avila's affidavit, submitted in compliance with local rule 12(e), is not based upon personal knowledge and is therefore incompetent. However, Officer Avila is basing his affidavit upon his personal knowledge of statements made by his partner. Therefore, Officer Avila's affidavit is sufficient to support the defendants's undisputed material facts.

Plaintiffs next contend that certain assertions of fact are patently false. In support of this, plaintiffs rely on the deposition of Cora King and the affidavit of Steven King. However, Officer Avila asserts these facts as the basis for his procurement of the warrant. Plaintiffs' assertion of falsity does not dispute the fact that Officer Avila relied upon this information in obtaining the warrant. Whether his reliance was reasonable is the crux of this action, and will be discussed below.

Therefore, the court adopts the defendants facts as follows:

1. On November 26, 1987, Officer Joseph Avila and his partner, Officer Edward Johnson received information from a confidential informant that cocaine was being sold at 6635 South Paulina.

2. Officer Avila had known this confidential informant for a year and had used him on five occasions to purchase cocaine. On each occasion, the subsequent arrests of the sellers of cocaine led to the convictions.

3. At approximately noon on November 26, 1987, Officers Avila and Johnson drove with their confidential informant to the area of 6635 South Paulina.

4. While Officer Avila waited approximately two blocks away from the premises, Officer Johnson and the confidential informant approached the door of 6635 South Paulina.

5. Officer Johnson told Officer Avila that when he and the confidential informant knocked on the door, a man known as "Big Man" answered and asked what they wanted.

6. The man known as "Big Man" sold the confidential informant a $20.00 bag of cocaine.

7. Officer Johnson and the confidential informant returned to the police vehicle where Officer Avila was waiting and

showed Officer Avila the substance they had just purchased.

8. Upon returning to the Seventh District police station, Officer Avila tested the contents of the bag and the contents tested positive for cocaine.

9. Based upon this information, Officer Avila applied for a search warrant for the premises of 6635 South Paulina.

10. Officer Avila submitted a sworn complaint in which he stated the facts set forth above as the basis for the warrant.

11. Judge Devan of the Circuit Court of Cook County issued a search warrant authorizing the search of the premises located at 6635 South Paulina.

12. On November 27, 1987, some or all of the defendants proceeded to 6635 South Paulina Street to execute the search warrant.

13. Emily King was not at home at the time.

14. One or more of the officers searched the premises at 6635 South Paulina Street, and in the process, arrested Steven King.

15. After completing the search, Steven King was transported to the Seventh District, where he was charged with disorderly conduct and with possession of a hypodermic syringe.

16. Steven King appeared in court on December 27, 1987. The case against him was stricken from the docket with leave to reinstate. The case was never reinstated.

17. Officer Johnson died on September 13, 1988.

The plaintiffs have proposed additional facts. However, none of the facts presented warrant denial of summary judgment in this case.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569, *reh. den.,* 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, the non-moving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

■ Count III of the complaint makes a claim for malicious prosecution. In Illinois, in order to state a claim for malicious prosecution, the plaintiff must show: 1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; 2) the termination of the proceeding in favor of the plaintiff; 3) the absence of probable cause for such proceeding; 4) the presence of malice; and 5) damages resulting to the plaintiff. *Hajawii v. Venture Stores, Inc.,* 125 Ill.App.3d 22, 80 Ill.Dec. 461, 465 N.E.2d 573 (1st Dist.1984); *Joiner v. Benton Community Bank,* 82 Ill.2d 40, 44 Ill.Dec. 260, 411 N.E.2d 229 (1980). The case must be terminated in a manner indicative of the innocence of the accused. *Hajawii,* 125 Ill. App.3d at 24, 80 Ill.Dec. at 461, 465 N.E.2d at 573; *Joiner,* 82 Ill.2d at 45, 44 Ill.Dec. at 263, 411 N.E.2d at 232.

■ In the present case, the charge against plaintiff Steven King was dismissed with leave to reinstate. A dismissal with leave to reinstate is not a final disposition. *People ex rel. DeVos v. Laurin,* 73 Ill.App.3d 219, 29 Ill.Dec. 5, 391 N.E.2d 164 (1st Dist.1979); *People v. St. John,* 369 Ill. 177, 15 N.E.2d 858 (1938); *Blalock v. Randall,* 76 Ill. 224 (1875). A case stricken from the docket is still a pending case, and it excludes the conclusion that the case is

at an end. *DeVos*, 73 Ill.App.3d at 222, 29 Ill.Dec. at 7, 391 N.E.2d at 166. Therefore, plaintiffs fail to comply with the second requirement, as there has been no termination here. Since no final termination has occurred, the innocence of the accused cannot be determined. The court holds, as a matter of law, that a dismissal with leave to reinstate cannot be the basis for a malicious prosecution claim. *See, Blalock v. Randall*, 76 Ill. 224 (1875). Accordingly, defendant is granted summary judgment on count III of the complaint.

■ Count IV of the complaint alleges deprivation of the plaintiffs' fourth amendment rights by actions taken under color of the search warrant obtained by Officer Avila. Such an allegation involves the issue of qualified immunity.

Qualified immunity exists because public officers require some form of immunity from suits for damages. *Jackson v. Elrod*, 881 F.2d 441 (7th Cir.1989). Immunity is not justified by the person to whom it attaches but by the function it advances. *Elrod*, at 443. As a general rule, police officers who apply for search warrants are entitled to qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). A search warrant can be obtained if the officer shows, in the "totality of the circumstances", that a warrant should issue. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause is a fluid concept, turning on the assessment of facts in a particular context, and cannot readily be reduced to a neat set of legal rules. *Gates*, 462 U.S. at 233, 103 S.Ct. at 2329. In dealing with probable cause, we deal with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *U.S. v. McCarty*, 862 F.2d 143 (7th Cir.1988) (citing *Gates*). Thus, only where a warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of qualified immunity be lost and the officer liable for damages. *Malley*, 475 U.S. at 344–45, 106 S.Ct. at 1097–98.

The Seventh Circuit has recently set out the framework of a qualified immunity analysis. *Polenz v. Parrott*, 883 F.2d 551 (7th Cir.1989). Government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Polenz*, at 553–54. There are two steps to the analysis: 1) Does the alleged conduct set out a constitutional violation?; and 2) were the constitutional standards clearly established at the time in question? *Id.* at 554.

Applying this test to the case before the court, the court holds that plaintiffs have not shown that the defendant's conduct sets out a constitutional violation. Plaintiffs allege that Officer Avila used false information in obtaining the search warrant for the plaintiff's home. However, affidavits in support of a warrant are presumptively valid. *Perlman v. City of Chicago*, 801 F.2d 262 (7th Cir.1986), *cert. den.*, 480 U.S. 906, 107 S.Ct. 1349, 94 L.Ed.2d 520 (1987); *Harden v. Peck*, 686 F.Supp. 1254 (N.D.Ill.1988). A plaintiff must make a substantial showing that the affiant deliberately made misstatements of material fact, or omitted material facts from, the affidavit. *Perlman*, 801 F.2d at 264–65; *Harden*, 686 F.Supp. at 1261. Summary judgment is proper when the plaintiff fails to meet this burden. *Id.* at 265.

Plaintiffs attempt to show that Officer Avila "lied" in obtaining the warrant by pointing out inconsistencies between his warrant affidavit and his affidavit on summary judgment. First, plaintiffs point out that, in his warrant affidavit, Officer Avila states he was "on the perimeter" of the house at the time his partner purchased the drugs. Plaintiff's Opposition, p. 11–12. However, in his affidavit on summary judgment, Avila states he "waited out of sight of the home of 6635 South Paulina approximately two blocks from the premises." Plaintiff's Opposition, p. 12. It can hardly be said that such a semantic difference constitutes a "substantial showing that the affiant deliberately made misstatements" of material fact. Thus, plaintiffs fail to

carry their burden on this contention. Likewise, the plaintiffs' other "contradiction", involving the confidential source, falls far short of a substantial showing of deliberate misstatement.

The plaintiffs have failed to show conduct on the part of Officer Avila which would amount to a constitutional violation. Defendant Avila is entitled to summary judgment on count IV.

 Plaintiffs' last claim is based upon the search conducted by Officer Avila and the other defendants at the residence. Plaintiffs claim the police used unnecessary force in executing the warrant. As this claim also involves police conduct, the principles of qualified immunity outlined above are also applicable.

As a general rule, police acting under color of a facially valid warrant are immune from damages for violation of civil rights. *Bezdek v. City of Elmhurst*, 70 F.R.D. 636 (N.D.Ill.1976). However, property damage to the place searched is subject to a judicial review of reasonableness. *Dalia v. United States*, 441 U.S. 238, 99 S.Ct. 1682, 60 L.Ed.2d 177 (1979). Officers may be liable under § 1983 for conducting an unreasonable search. *Tarpley v. Greene*, 684 F.2d 1 (D.C.Cir.1982).

The plaintiffs have failed to make a substantial showing that the conduct of the officers in making the search amounted to a constitutional violation. The actions alleged by plaintiffs were well within the scope of reasonableness. *See, Bates v. City of Ft. Wayne, Ind.*, 591 F.Supp. 711, 722 (N.D.Ill.1983). As noted by the Supreme Court, officers executing a search must occasionally damage property in order to perform their duty. *Dalia*, 441 U.S. at 258, 99 S.Ct. at 1694. Therefore, the defendants are entitled to summary judgment on count IV.

In sum, the court grants the defendants summary judgement on counts III and IV of the complaint.

IT IS SO ORDERED.