**Marsha KIRKMAN, in her own capacity, and as guardian, for Marlon Kirkman, a minor, and Indya Kirkman, a minor, Plaintiffs,**

v.

**Eileen LATKOWSKI, # 37842, Chicago Police Officer, Defendant.**

No. 89 C 8327.

United States District Court, N.D. Illinois, E.D.

July 10, 1991.

**240**

Michael E. Deutsch, Chicago, Ill., for plaintiffs.

Donald Zoufal, John F. McGuire, Kelly R. Welsh, Carolyn A. Bird, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Defendant Eileen Latkowski, a Chicago police officer, has moved for summary judgment on plaintiffs Marlon and Indya Kirkman's Fourth Amendment vehicle search claims alleged in Count II of plaintiffs' amended complaint.

Under Federal Rules of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In ruling on a motion for summary judgment the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

It is undisputed that at the time of the automobile entry in question, Marlon and Indya Kirkman, two children aged sixteen and three years respectively, did not own the automobile they were sitting in. Their mother, Marsha Kirkman, who had left the children in the automobile for a brief while, solely owned the car.

### I. *Fourth Amendment Interests*

Defendant asserts that under *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the children lacked a sufficient privacy interest in their mother's automobile to have suffered a Fourth Amendment violation from its search. *Rakas*, however, involved adult passengers occupying a car which they neither owned nor leased. 439 U.S. at 129–130, 140, 99 S.Ct. at 423, 429. The Court held that the passengers in *Rakas* lacked a sufficient property or possessory interest in the automobile to bring a Fourth Amendment claim. 439 U.S. at 148, 99 S.Ct. at 433.

■ In this case, however, Marlon and Indya Kirkman were not simply adult passengers, riding in a car owned by a friend. They were the minor children of Marsha Kirkman, owner of the automobile which was searched. This court will not hold as a matter of law that the children lack a sufficient interest in their mother's automobile to assert any sort of Fourth Amendment claim simply because they are too young to hold title to the automobile. Such a holding would strip all minors riding in or driving their family's automobile of Fourth Amendment protection.

This court's holding is supported by *Rakas*, when the court noted that "capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." 439 U.S. at 143, 99 S.Ct. at 430, *citing Katz v. United States*, 389 U.S. 347, 353, 88 S.Ct. 507, 512, 19 L.Ed.2d 576 (1967).

Defendant has moved for summary judgment on the Fourth Amendment privacy claims based solely on the fact that Marlon and Indya Kirkman, unlike their mother, neither owned nor drove the automobile in question. That basis alone is insufficient to grant defendant's motion. Unlike the petitioners in *Rakas*, there remains in this case a genuine issue of material fact as to whether Marlon and Indya Kirkman "could legitimately expect privacy in the areas which were the subject of the search and seizure...." *Rakas*, 439 U.S. at 149, 99 S.Ct. at 433.

### II. *Qualified Immunity*

■ Defendant also has moved for summary judgment on plaintiffs Marlon and

Indya Kirkman's Fourth Amendment vehicle search claims based upon the doctrine of qualified immunity. Summary judgment is the proper manner to resolve a claim of qualified immunity because it protects government officials from the costs of trial. *Rakovich v. Wade,* 850 F.2d 1180, 1205 (7th Cir.1988).

■ Under the doctrine of qualified immunity, "public officials performing discretionary functions are protected against suits for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Doe v. Bobbitt,* 881 F.2d 510, 511 (7th Cir.1989), *citing Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This standard requires that "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

■ Defendant asserts that as of May 6, 1989, the time of the incident alleged, it was not clearly established either that passengers had a protected Fourth Amendment right in the passenger compartments of a car, or that minor children ages three and sixteen had a reasonable expectation of privacy in a car. The court agrees that as of May 6, 1989 it was not clearly established that minor children had a protected Fourth Amendment right in the passenger compartments of their family car.

Plaintiffs Marlon and Indya Kirkman base their Fourth Amendment claims solely on defendant's entry into the passenger compartment of their mother's vehicle. (12(m) Statement, ¶ 8.*) Plaintiffs bear the burden of establishing the existence of the allegedly clearly established constitutional right at issue. *Rakovich,* 850 F.2d at 1209. Plaintiffs have cited no case indicating that on May 6, 1989 it was clearly established that minor children had a pro-

tected Fourth Amendment right in the passenger compartments of their family automobile.

Indeed, the parties have not cited and this court has not found a case directly addressing whether children have a sufficient property or possessory interest in an automobile of a parent such that entry into that automobile would give rise to a Fourth Amendment claim by those children. *Rakas v. Illinois,* decided in 1978, addresses the necessity for a plaintiff to have a property or possessory interest in an automobile so as to establish a Fourth Amendment claim. 439 U.S. at 148, 99 S.Ct. at 433. However, as noted above, the facts of *Rakas* do not address the issue which arises here—whether children's Fourth Amendment rights are violated by entry into a parent's automobile.

As expressed in this opinion, the court does not believe as a matter of law that children's Fourth Amendment rights cannot be violated by such an entry. However, plaintiffs have failed to carry their burden of establishing that at the time of defendant's entry, the children's Fourth Amendment rights were clearly established. *Rakovich,* 850 F.2d at 1209. Accordingly, summary judgment is entered in favor of defendant and against plaintiffs Marlon and Indya Kirkman on Count II of plaintiffs' amended complaint on the basis of qualified immunity.

## CONCLUSION

For the reasons stated in this Memorandum Opinion and Order: (1) defendant's motion for summary judgment on Count II as to plaintiffs Marlon and Indya Kirkman is GRANTED; (2) summary judgment is ENTERED in favor of defendant and against plaintiffs Marlon and Indya Kirkman on Count II of plaintiffs' amended complaint on the basis of qualified immunity; (3) the parties are urged to discuss settlement of this case and report on the

---

* Plaintiffs submitted no response to defendant's 12(m) statement as required by Local Rule 12(n). Consequently, under Rule 12(n) all material facts set forth in defendant's 12(m) statement are deemed to be admitted. Rule 12(n),

General Rules of the United States District Court for the Northern District of Illinois; *Skagen v. Sears, Roebuck & Co.,* 910 F.2d 1498, 1500 (7th Cir.1990).

progress of those discussions at a status to be held on July 26, 1991 at 10:00 a.m.