Michael DAVID, Plaintiff,

v.

VILLAGE OF OAK LAWN, a municipal corporation, James P. Houk, Individually, Officer T. Vorderer, Individually, and Officers G. Doyle, D. Keenan, and J. Martin of the Oak Lawn Police Department, Defendants.

No. 95 C 7368.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 30, 1996.

John P. De Rose, Kenneth A. Jatczak, John P. De Rose & Associates, Burr Ridge, IL, for Robert Schoiber.

Richard R. Winter, McBride, Baker & Coles, Chicago, IL, for Emro Marketing Co., Speedway.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff, Michael David, has filed a six-count first amended complaint against defendants Village of Oak Lawn ("Village"), Chief of the Oak Lawn Police Department, James P. Houk ("Chief Houk"), and Oak Lawn Police Officers T. Vorderer ("Captain Vorderer"), G. Doyle, D. Keenan, and J. Martin. The complaint seeks damages for injuries plaintiff claims he suffered when he was allegedly attacked and beaten by members of the Oak Lawn Police Department during a routine traffic stop. Defendants have moved to dismiss or in the alternative for summary judgment on Counts IV and VI. For the reasons set forth below, defendants' motion for summary judgment is granted on both counts.

### FACTS

On the afternoon of December 17, 1994, plaintiff was driving a car in Oak Lawn. At the intersection of 95th Street and Cicero Avenue, plaintiff was pulled over by officers of the Oak Lawn Police Department ("department"). Officers Doyle, Keenan, and Martin then arrested plaintiff. This was the only time that plaintiff had had any contact with the department or the officers involved. The parties dispute the circumstances leading to the arrest.

Several months after plaintiff's arrest, plaintiff called someone at the Village of Oak Lawn and told that person that he wanted to file a complaint with the internal affairs complaint office. Plaintiff contends that he spoke with someone at the police department, but does not recall to whom he spoke or when the call was made. Plaintiff believes that he was told that the police department did not have an internal complaint office, and that he would have to direct all complaints through a lawyer.

On August 17, 1995, the criminal charges against plaintiff were stricken with leave to reinstate. Thereafter, plaintiff retained at-

torney Christopher W. Helt. Mr. Helt sent a letter dated October 20, 1995, to the department, stating that he had been retained by plaintiff and requesting a formal investigation into the circumstances surrounding plaintiff's arrest. Chief Houk apparently assigned Captain Vorderer to conduct the investigation. Thereafter, Mr. Helt received a letter from Captain Vorderer dated November 10, 1995, stating that Vorderer had conducted the requested investigation and, based on his factual findings, had determined that the officers "acted within acceptable standards during a difficult situation."

On December 15, 1995, plaintiff filed a nine-count complaint against the Village and six of its employees. Count VI of the original complaint was brought against Houk and Vorderer in their individual capacities for engaging in a conspiracy to obstruct the police department's investigation of plaintiff's arrest. On April 23, 1995, the court dismissed Count VI with prejudice for failure to state a claim. On May 13, 1996, plaintiff filed his first amended complaint, again including conspiracy allegations against Houk and Vorderer in Count VI. On August 23, 1996, the court again dismissed Count VI to the extent that it alleged a conspiracy and granted plaintiff leave to file an amended complaint.

On September 6, 1996, plaintiff filed his third-amended complaint, asserting in Count VI a claim under 42 U.S.C. § 1983 for obstruction of justice against Houk and Vorderer for their alleged failure to properly investigate the circumstances surrounding plaintiff's arrest and demanding $7,500,000. in damages, plus 12% interest, costs and attorney's fees. Count IV of the complaint alleges false arrest and malicious prosecution against all defendants. Defendants bring the instant motion to dismiss or in the alter-

native for summary judgment on Counts IV and VI.

## DISCUSSION

### I. *Summary Judgment Standard* [1]

A court should grant summary judgment if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(c). The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits which demonstrate an absence of a genuine issue of material fact. *Id.; Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). The simple assertion that a factual dispute exists is not enough to defeat a Rule 56(c) motion. To defeat a motion for summary judgement, the non-moving party must set forth specific facts, through affidavits or other materials, that demonstrate disputed material facts. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). In deciding a motion for summary judgment, the court must read the facts in a light most favorable to the non-moving party. *Id.,* 477 U.S. at 255, 106 S.Ct. at 2513–14.

Pursuant to Local Rule 12(M) [2], defendant has filed a statement of undisputed facts. Plaintiff has filed a response under Rule 12(N)(3)(a) and a statement of additional facts under Rule 12(N)(3)(b). Defendant has not filed a "reply" to plaintiff's statement of additional facts. Contrary to the requirements of Rule 12(N), plaintiff's response sets forth additional facts, and plaintiff's 12(N)(3)(b) statement presents various facts without proper citations and makes several legal arguments. To the extent plaintiff's

---

1. Because the court's rules on defendants' motion for summary judgment with respect to Counts IV and VI, it need not address defendants' motion to dismiss the same counts.

2. Local Rule 12(M)(3) requires a movant for summary judgment to set forth material issues of fact for which she believes there is no dispute. Rule 12(N)(3) permits the non-moving party to

respond to such statements and to file any additional facts that require the denial of summary judgment. The movant may then respond to the additional facts set forth in the 12(N) statement. Both parties may attach affidavits and other materials to support their statements of fact, and must provide citations to the record.

submissions fail to comply with Rule 12(N), they are stricken.[3]

## II. *Count IV*

Count IV alleges false arrest and malicious prosecution against all defendants. Under Illinois law, a claim for malicious prosecution must include: (1) the commencement or continuance of an original or criminal judicial proceeding by the defendant; (2) termination of the prosecution in favor of the plaintiff in a manner indicative of the innocence of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and, (5) damages resulting to the plaintiff. *Bradley v. Avis Rental Car System, Inc.*, 902 F.Supp. 814, 821 (N.D.Ill.1995) (citing *Khan v. American Airlines*, 266 Ill.App.3d 726, 731–32, 203 Ill.Dec. 171, 639 N.E.2d 210 (1st Dist.1994)).

In this case, the Certified Statement of Conviction/Disposition reveals that the criminal case against plaintiff was stricken with leave to reinstate. As the court has previously observed, the case law is clear that the striking of a case from a criminal docket with leave to reinstate is not a legal termination of the proceedings in a manner indicative of the plaintiff's innocence; thus, it cannot provide the basis for a malicious prosecution action. *Bradley*, 902 F.Supp. at 821 (citing *Brown v. Officer Larry Campbell # 5822*, 1995 WL 229033, *2 (N.D.Ill.1995); *King v. Avila*, 760 F.Supp. 681, 683 (N.D.Ill.

1989)). Accordingly, defendants' motion for summary judgment on Count IV[4] is granted.

## III. *Count VI*

Count VI alleges a section 1983 claim for obstruction of justice against Chief Houk and Captain Vorderer based on their alleged improper investigation of plaintiff's arrest. Defendants move to dismiss or in the alternative for summary judgment on Count VI because: (1) plaintiff's allegations do not amount to a constitutional violation; and, in any event, (2) Houk and Vorderer are entitled to qualified immunity. The court agrees.

In order to state a claim under section 1983,[5] plaintiff must allege that he was deprived of a constitutional *or* federal statutory right, privilege, or immunity. 42 U.S.C. § 1983. In his response, plaintiff refers to 18 U.S.C. § 1503 to support his section 1983 claim for obstruction of justice. The federal obstruction of justice statute, 18 U.S.C. § 1503, however, is limited to obstruction of judicial proceedings. *U.S. v. Van Engel*, 15 F.3d 623, 627 (7th Cir.1993), *cert. denied*, 511 U.S. 1142, 114 S.Ct. 2163, 128 L.Ed.2d 886 (1994). There is no allegation that defendants Houk or Vorderer attempted to obstruct or did obstruct any judicial proceeding. Their investigation of plaintiff's arrest occurred after the criminal charges against plaintiff were stricken and before plaintiff filed his original complaint with this

---

**3.** Notwithstanding the parties' disagreement on several issues in the case, there are no *material* facts in dispute with respect to Counts IV and VI that would preclude the court's ruling as a matter of law.

**4.** Relying on Fed.R.Civ.P. 12(g), plaintiff argues that defendants' failure to raise this issue in its previous motions should preclude its instant motion to dismiss or in the alternative for summary judgment. Plaintiff's selective reading of Rule 12(g), however, is incorrect. Fed.R.Civ.P. 12(g) states, in part: "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objections so omitted, *except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.*" (Emphasis added.) Fed.R.Civ.P. 12(h)(2) states: "A defense of fail-

ure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Accordingly, defendant is not procedurally barred from bringing its motion to dismiss or in the alternative for summary judgment on Count IV.

**5.** 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress."

court. Accordingly, plaintiff cannot rely on the federal obstruction of justice statute to support his section 1983 claim.[6]

■ Plaintiff also fails to identify a constitutionally protected interest for which he may seek damages under section 1983. Plaintiff suggests (albeit in less than precise terms) that the actions of Houk and Vorderer in investigating plaintiff's arrest violated his rights under the Fourth Amendment and his right to equal protection of the laws as guaranteed by the Fourteenth Amendment. In particular, plaintiff contends that: (1) Vorderer did not contact any witnesses to his arrest, except the officers involved; (2) Vorderer did not request or obtain a written statement from plaintiff; and (3) the arresting officers, although required to make written statements about the circumstances surrounding plaintiff's arrest, were never given copies of these statements. Defendants respond that: (1) there were no other witnesses to the arrest; (2) Vorderer attempted to obtain a statement from plaintiff by leaving a message on the answering machine of plaintiff's attorney, but Vorderer's call was never returned; (3) even assuming the arresting officers were not given copies of their statements, that would not violate plaintiff's constitutional rights. Plaintiff disagrees on all points. Yet, even taking plaintiff's version of the events as true, he has failed to state a constitutional violation.

Plaintiff seems to confuse his Fourth Amendment claims relating to his arrest with his claims relating to the investigation of his arrest. The court finds no viable Fourth Amendment claim for the latter.

■ Similarly, Houk's and Vorderer's investigation of plaintiff's arrest does not amount to an equal protection violation. This circuit has recognized at least three ways in which a plaintiff may successfully allege a violation of his equal protection rights: (1) plaintiff was singled out for un-

equal treatment because of his membership in a vulnerable group (based on race, gender, etc.); (2) plaintiff was subjected to laws or policies that make irrational distinctions; or (3) plaintiff endured an "orchestrated campaign of official harassment" directed against him "out of sheer malice." *Esmail v. Macrane,* 53 F.3d 176, 178 (7th Cir.1995). Plaintiff does not allege discrimination based on his membership in any protected class. Plaintiff also does not allege that the laws or policies of the Village of Oak Lawn or its police department make irrational distinctions. Rather, plaintiff asserts that Vorderer's actions were improper, in part, because they did not follow standard police investigation procedures. Finally, although plaintiff asserts that Vorderer's actions constituted a "conscious disregard" of police procedures, the court, based on the record before it, finds that Vorderer's actions were not part of any "orchestrated campaign" against plaintiff based on "sheer malice." Accordingly, plaintiff has failed to demonstrate a violation of his equal protection rights.

Plaintiff has provided no other authority to support his contention that Vorderer's and Houk's actions in investigating his arrest constituted a violation of his constitutional rights. Defendants, on the other hand, have cited *Slagel v. Shell Oil Refinery,* 811 F.Supp. 378, 382 (C.D.Ill.1993), *aff'd,* 23 F.3d 410 (7th Cir.1994), *cert. denied,* 513 U.S. 1031, 115 S.Ct. 611, 130 L.Ed.2d 520 (1994). In that case, the court held that a police chief's failure to investigate the plaintiff's complaint letter did not amount to a constitutional violation. While acknowledging that "the officers may have transgressed state obligations or police codes," the court found "no viable theory of constitutional liability stemming from their actions." *Id.* at 382. The court follows the same reasoning in this case. Even assuming Vorderer "consciously disregarded" police procedures, plaintiff did not have constitutional right to have his com-

---

6. Moreover, not every federal statute creates enforceable rights that plaintiff can assert under section 1983. *See Paramount Health Systems, Inc. v. Wright,* 907 F.Supp. 1212, 1217 (N.D.Ill. 1995). The court must determine whether the statute was intended to benefit the plaintiff. *Wilder v. Virginia Hospital Ass'n,* 496 U.S. 498, 509, 110 S.Ct. 2510, 2517, 110 L.Ed.2d 455 (1990). If so, it creates an enforceable right, unless: (1)

it reflects a mere "congressional preference" for a particular type of conduct; or (2) the interest that plaintiff asserts is "too vague and amorphous" such that it is "beyond the competence of the judiciary to enforce." *Id.* Because the court determines that 18 U.S.C. § 1503 is not implicated in this case, it need not determine whether it creates an enforceable statutory right for purposes of section 1983.

plaints investigated at all and, accordingly, can not now maintain a section 1983 claim based on Houk's and Vorderer's investigation.

In any event, Houk and Vorderer are entitled to qualified immunity. Under the doctrine of qualified immunity for section 1983 liability, "public officials performing discretionary functions are protected against suits for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Doe v. Bobbitt,* 881 F.2d 510, 511 (7th Cir.1989), *cert. denied,* 495 U.S. 956, 110 S.Ct. 2560, 109 L.Ed.2d 742 (1990) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The standard is an objective one, in which both facts and law are assessed. *Maxwell v. City of Indianapolis,* 998 F.2d 431, 436 (7th Cir.1993). The court must determine "whether the law was clear in relation to the specific facts confronting the public official when he or she acted." *Green v. Carlson,* 826 F.2d 647, 648 (7th Cir.1987). Because the doctrine of qualified immunity permits officials to escape both civil liability and the burdens of litigation, questions of immunity should be addressed in the earliest stage possible. *Scott v. Glumac,* 3 F.3d 163, 164 (7th Cir.1993).

The Seventh Circuit has established a two-part test for a ruling on qualified immunity: (1) whether the conduct sets out a constitutional violation; and (2) whether the constitutional standards were clearly established at the time of the violation. *Young v. Murphy,* 90 F.3d 1225, 1234 (7th Cir.1996). Thus, even if plaintiff's arrest violated plaintiff's constitutional rights, the relevant constitutional standards cannot be said to have been "clearly established" at the time of the investigation. Accordingly, defendants Houk and Vorderer are entitled to qualified immunity.

### CONCLUSION

For the reasons stated above, the court grants defendants' motion for summary judgment on Counts IV and VI.